**BARROW vs. NORWOOD.**

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

When the obligation is joint, all the obligors must be made parties to the suit.

A bill payable to several, or a joint note, produces a joint, not a several obligation.

On a joint note, the parties are only responsible for their *virile* share.

The facts are fully stated in the opinion of the court, delivered by *Porter, J.*

This action is brought by the holder, against one of the endorsers of a note, of which the following is a copy :

$2,732, 44.          *St. Francisville, July* 10, 1826.

On the first day of May, 1827, we promise to pay Noel Waddill, and Abel Waddill, and Noel Norwood, or order, two thousand seven hundred and thirty-two dollars and forty-four cents, with interest at ten per centum per annum, from time due until paid ; for value received.

       (Signed)      **HANDY & WADDILL.**

Witness,

     JOSEPH BEMAN.

         (Endorsed)

             *N. Waddill,*
             *Abel Waddill,*
             *Noel Norwood.*

The petition contains the usual allegations on which the responsibility of an endorser arises, and expressly charges that one of the endorsers who is sued, is responsible for the whole amount of the note.

The defendant excepted to the petition on the ground, that the obligation was joint, not joint and several; and that all the obligors should have been made parties to the suit. The court sustained the exception, and rightfully sustained it, if this be a joint contract. *Louisiana Code,* 2080.

*When the obligation is joint, all the obligors must be made parties to the suit.*

As the endorsers of a promissory note are in all respects similar to the drawers of a bill of exchange, and contract the

EASTERN DIST. same obligations, a doubt arose in our minds, whether the
*March,* 1832. endorsers to this note were not responsible *in solido.*

BARROW          When a case similar to this was first brought before the
*vs.*
NORWOOD.    courts in England, the judges were of opinion that the
parties had made themselves partners as to the transaction in
question, and that an endorsement of one of them was suf-
ficient, but when, under the order of the court, the case came
on for a new trial, it was proved to be the universal usage and
understanding of all the bankers and merchants of London,
that the endorsement was bad because it wanted the signature
of both the payees, and judgment was given accordingly.    In
Massachusetts a similar decision has been made.    *Douglass
Rep.* 653, *in note.    Bayley on Bills,* 40.    9th *Mass.* 334.

A bill payable        From the rule thus established, and from the doctrine fre-
to several, or a
joint note, pro- quently recognised by their courts, we understand it *to* be the
duces a joint,
not a several ob- law Merchant of England, and of our sister states, that a
ligation.           bill payable to several, or a joint note, produces a joint, not a
joint and several obligation.    *Bayley on Bills,* 37.    *Chitty on
Bills,* (*ed.* 1821,) 435.

On a joint note       It is true that a joint obligation in those countries may
the parties are
only responsible compel, under certain circumstances, one of the obligors to
for their *virile* pay the whole debt, but that arises from their laws, indepen-
share.             dent of any commercial usage.    And a joint note in Louisi-
ana must have whatever effect her laws give to such an obli-
gation.    Here the parties are only responsible for their *virile*
share.    *Louisiana Code,* 2081.    2 *Louisiana Reports,* 419.
*Bayley on Bills,* 220, 269.    *Evans Pothier, vol.* 2, *page* 11.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.