Eastern Dis.
*June*, 1834.

FRANKLIN
*vs.*
VERBOIS ET ALS

A foreigner not naturalized, who is *residing* in the parish, has been some years in the United States, and has no other domicil in the State, is a competent witness to a will.

---

## FRANKLIN *vs.* VERBOIS ET ALS:

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Making diligent inquiry for the maker of a note and to find his domicil, but without effect, in order to make demand of payment, will excuse the want of a formal demand.

EASTERN DIS.   The act of March 1827, has not introduced any new rule as to the
June, 1834.
demand necessary to be made on makers of notes or acceptors, or
FRANKLIN    drawers of bills.  What will constitute a legal demand of payment so
*vs.*
VERBOIS     as to bind endorsers must depend on the commercial law.
ET ALS.

Interest will be allowed on protested notes, and on those given for the
price of slaves purchased, from the time when they are due and
payable.

Notice of protest for non-payment by the drawer given to the endorsers,
by leaving it at their dwelling houses, is sufficient.

This is an action against the drawer and endorsers of a
promissory note for one thousand three hundred and twenty
five dollars, given to the plaintiff in New-Orleans, as the
price of two slaves purchased from the latter, the payment
of which is also secured by mortgage retained on the slaves.
The note is dated the 23d of November 1831, and payable
in all the month of March 1833.    It was put into the Bank
of Louisiana for collection.  The notary public states in
his protest of the note for non-payment, that he "made di-
ligent inquiry at several places of public resort in this city
and elsewhere for the drawer of said note, in order to
demand payment thereof, but could not find him, or any
person who could inform him where he was to be found."
In his certificate the notary states protest was duly notified
to the parties by letters written by him on the 3d day of
April 1833, and served on them respectively in the fol-
lowing manner: "by delivering the said notices for the
said endorsers, Bezon and Franklin, (the plaintiff and
nominal endorser,) to them and by delivering the letter for
G. de Montagnac, to a person at her house."

*Verbois,* the drawer, in his separate answer admits his
signature to the note; and avers he has always been ready
and willing to pay it without interest and costs of protest,
but that the plaintiff refused to receive it; that he is not
liable for costs and interest because no legal protest was
made; that he had a known domicil in the city, known to
the notary who made the protest; and that he has tendered

the principal which was refused; he prays that he may be exonerated from paying interest and costs of every kind.

EASTERN DIS.
June, 1834.

FRANKLIN
vs.
VERBOIS
ET ALS.

*Emelie Bezon* and *G. de Montagnac*, the endorsers, in their separate answer admit their respective signatures on the back of the note, but plead a general denial and aver the note was not legally protested, and that they were not legally notified of its dishonor; and that no amicable demand was made of them before suit, therefore they pray to be dismissed with their costs allowed them.

On the trial the amicable demand was admitted.

*Dreux*, testified that he knows Verbois, the drawer of the note; that in April 1831, he lived in Casa Calvo street, in the city of New-Orleans, in the same place where he lives now; that he is a married man and is generally known.

The district judge was of opinion that there was not a sufficient demand of payment made on the drawer either to bind the endorsers or to compel the former to pay interest; "that the debtor can only be put on his defence by a demand of payment at his domicil, and it does not appear to the court that diligence was used to ascertain the domicil." There was no legal demand of the maker and he is not bound to pay interest as *on a promissory note protested*. The endorsers are therefore discharged.

Judgment was rendered against the defendant, Verbois, for the amount of the note, with legal interest from judicial demand and the costs of suit; and that the mortgaged slaves be seized and sold to satisfy the judgment; dismissing the endorsers with their costs. The plaintiff appealed.

This cause was argued by *Mr. Leigh*, for the plaintiff and appellant, and by *Mr. Roselius*, for the defendants and appellees.

BULLARD, J., delivered the opinion of the court.

The counsel for the appellant claims the reversal of the judgment rendered in the District Court, on two grounds.

1. That the judge *à quo* erred in thinking that the en-

EASTERN DIS.
June, 1834.

FRANKLIN
vs.
VERBOIS
ET ALS.

dorsers of the note sued on were absolved from liability on account of the irregularity in the protest made by the notary.

2. That he erred in refusing to give the payee of the note interest from the day said protest was made.

The promissory note sued on is dated at New-Orleans, and no particular place of payment is given; according to the usage of the place it was deposited for collection in the Bank of Louisiana; and on the last day of grace the notary who made the protest certifies that diligent enquiry was made at several places of public resort in this city and elsewhere, for the drawer of the note, in order to demand payment, but he could not be found, nor any person who could tell where he was to be found; whereupon the note was protested for non-payment, and on the following day written notice of protest was left at the houses of the two endorsers. A clerk of the notary testified on the trial that he inquired at the Bank and of several persons at the coffee house, that he knows the defendant, Verbois, but not where his domicil is; he could not recollect of what persons he made the inquiry. A witness for the defendant certifies that he knows Verbois; that in April 1833, he lived with his mother in Casa Calvo street, where he now lives.

*Making diligent inquiry for the maker of a note and to find his domicil, but without effect, in order to make demand of payment, will excuse the want of a formal demand.*

There is no evidence to show that the holder of the note or the notary knew the domicil of the maker; and we are of opinion that making diligent inquiry for the maker and for his domicil without effect, excuses the want of a formal demand. We concur in opinion with the district judge,

*The act of March 1827, has not introduced any new rule as to the demand necessary to be made on makers of notes or acceptors, or drawers of bills.*

that the act of 1827 has not introduced any new rule as to the demand of the makers of promissory notes or acceptors, or drawees of bills of Exchange. What will constitute a

*What will constitute a legal demand of payment so as to bind endorsers must depend on the commercial law.*

legal demand of payment so as to bind endorsers must depend on the commercial law, independently of the act of 1827. ·*Chitty on Bill*, 337, *and in notes.*

The plaintiff was entitled to interest on two grounds: first, because the note was protested for non-payment, and secondly, because it was given for the price of slaves

purchased of the plaintiff, and which were mortgaged to secure the payment of the note. 3 *N. S.* 185.

Notice of non-payment given to the endorsers by leaving it at their dwelling houses appears to us sufficient.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and that the plaintiff recover of the defendants, Nicolas Verbois, Emelie Bezon, and Gerard de Montagnac *in solido,* the sum of thirteen hundred and twenty five dollars, with interest at five per cent. from the third of April 1833, and costs in both courts; and it is further ordered that the mortgaged slaves be first seized and sold to satisfy this judgment.

EASTERN DIS.
June, 1834.

Interest will be allowed on protested notes, and on those given for the price of slaves purchased from the time when they are due and payable. Notice of protest for non-payment by the drawers given to the endorsers by leaving it at their dwelling houses is sufficient.