## David Gay v. Barnard Kendig.

To entitle a party to a third continuance on the ground of the absence of the same witness, he should show the materiality of the testimony, and such extraordinary diligence as to satisfy the court that it was absolutely impossible to procure the evidence.

The holder of a note given for the price of a slave, will be entitled to interest from maturity, though the note contained no stipulation to that effect, and was not protested. C. C. 2531, 2532.

APPEAL from the City Court of New Orleans, *Cooley*, J.

This was an action by the endorsee of a note given for the price of a slave, made by the defendant, and payable to the order of one Noe, by whom it was endorsed. On the back of the note, and of the same date with it, was a memorandum in these words, signed by Noe : " If the negro boy, William, for whom this note is given, shall die of diarrhea within six months from the date hereof, this note shall be null." The answer alleged that the

Gay v. Kendig.

slave was afflicted, at the time of the sale, with a complication of diseases, which the seller had represented as easily curable; that the diseases were redhibitory, and proved to be incurable; and that he died thereof within six months from the date of the sale. The defendant having obtained two continuances on the ground of his inability to procure the attendance of a particular witness, by whom he expected to establish that the slave did die, within six months, of the disease mentioned in the memorandum, applied for a third continuance on the same grounds. The affidavit, on which the third application was based, was to this effect: "That the defendant had used every effort to find the witness, but without success; that he expects to be able to find him; that the witness had left his former residence, without leaving any information as to where he had moved other than that he was coming over to this city; that defendant believes witness to be in the city, and that he may be found; that he expects to prove by him that the slave died within the time, and of the disease mentioned in the endorsement on the note; that the application for a continuance is not for the purpose of delay; and that he has made inquiry, or caused it to be made for the witness, wherever he thought it probable that he could be heard of." The continuance was refused, and a judgment rendered for the plaintiff.

In this court, the case was submitted, without argument, by *Stevens*, for the plaintiff, and *Bartlette*, for the appellant.

SIMON, J. This suit is brought on a promissory note, given as part of the price of a slave sold by one James Noe to the defendant. The answer admits the execution of the note; but it is alleged that "the slave, in consideration of which it was given, died within six months from the date of the sale, of a complication of diseases and maladies, which the vendor represented as easily curable, &c." The case was continued twice on the affidavit of the defendant, who at length was ruled to trial, notwithstanding his efforts to continue it a third time; and, having been tried on its merits, judgment was rendered in favor of the plaintiff, with legal interest from the maturity of the note until paid; from which judgment, after an unsuccessful attempt to obtain a new trial, the defendant has appealed.

This case presents only one question—whether the defendant

was entitled to obtain a third continuance, on the production of a. third affidavit showing the absence of the same witness? The affidavit seems to us insufficient. The defendant does not state that he ever expects to obtain the evidence of the witness, nor when his testimony can be procured. It says that he expects to be able to find him, and that he does not know the residence of the witness; but he does not show that he has used any effort to find it; and if he did use any such effort, the affidavit does not state what efforts were made. The case had been continued twice on the same showing, and we think that to be entitled to a third continuance on the same ground, the defendant should have shown, that he had used, every time, such diligence as to satisfy the court that it was absolutely impossible to procure the evidence, and that there was really a prospect of obtaining the testimony. On the third application, he should have shown *extraordinary diligence*, as well as the real importance and materiality of the testimony. Not having done so, we are satisfied that the continuance was properly refused. 17 La. 151. 19 Ib. 298.

On the merits, it does not seem to us that any error has been committed. The evidence adduced in support of the defence is quite unsatisfactory; and nothing, in our opinion, has been shown to establish that the defendant is in any manner entitled to the relief by him sought for. The consideration of the note being the price of a slave, legal interest was properly allowed from the time of its maturity. 3 Mart. N. S. 185. 6 La. 730.

*Judgment affirmed.*