Baggett v. Rightor and another.

---

The defendant has not complained of any credit being disallowed, of whlch he made any proof.

*Judgment affirmed.*

---

Louis J. Baggett *v.* Abraham F. Rightor and another.

Diligent enquiry for the maker of a note and for his domicil, without effect, will excuse the want of a formal demand of payment.

By endorsing a note, joint in their favor, the payees, each of whom can claim only a portion of its amount equal to that of the others, transfer only their respective interests in it; and, on the failure of the maker to pay, each will be liable to the holder to the extent of such interest only. C. C. 2079.

Appeal from the District Court of Ascension, *Nicholls*, J.

*M. Taylor,* for the plaintiff.

*Ilsley,* for the appellants.

Morphy, J. This is an appeal from a judgment rendered *in solido* against the defendants Rightor, and Rightor and Williams, endorsers of a promissory note, drawn by one Charles Bishop, to their order.*

Two points have been made in this court:

*First.* That no legal demand has been made on the drawer.

*Second.* That the endorsers, if liable, are not bound *in solido*.

I. The note sued on is dated at Donaldsonville, in the parish of Ascension, and mentions no particular place of payment. At maturity it was protested in that parish, where the maker had formerly owned property, where his wife was then residing, and where he himself had theretofore also resided. It is true that he appears to have had a residence, for some time, in the parish of

---

* The note was in these words:

Donaldsonville, 27th July, 1838.

$4000 00.

In May, 1840, I promise to pay to H. T. Williams and A. F. Rightor, or order, four thousand dollars, for value received.                    Charles Bishop.

(Endorsed)      A. F. Rightor.
                H. T. Williams.

Pointe Coupée, where he owned property, and held the office of postmaster; but long prior to the date of the protest, he had left Pointe Coupée, after having sold his property there. Since then he has not been heard of, and has had no known residence in the State. · The evidence shows, that shortly before the maturity of the note, the holder fruitlessly endeavored to ascertain his domicil, and that the notary, before protesting, made enquiries after him at several places of public resort, and called upon Mrs. Bishop who could not tell where he was living, she having obtained a divorce from him some time before. Diligent enquiry for the maker and his domicil, without effect, excuses the want of a formal demand. *Franklin* v. *Verbois et als.* 6 La. 727. Bayley on Bills, 198, 199. 9 Wheaton, 598.

II. On the second point, we think that the judge erred. The note sued on was the evidence of a joint obligation of the maker to the payees, who could each claim only one-half of its amount; by endorsing it they could transfer only their interest in it, and each can be made liable to the holder only to the extent of such interest, the maker having failed to pay. Thus the obligation, which was originally a joint one, retained that character, and the payees who were joint creditors with regard to the maker, became, under their endorsement and the default of the latter, joint debtors to the holder. Civil Code, art. 2079. 3 La. 438. It has been urged that the defendants, as endorsers, are in fact sureties for the maker, and that under the Civil Code of this State, article 3018, they are each bound for the whole debt. The obligation of an endorser is widely different from that of a surety, whatever may be the analogy between them in some respects. The latter is absolutely bound to pay in case the debtor does not, while the former is liable only under certain conditions, which are, that a legal demand shall be made on the maker, and that the endorser shall receive due notice of his failure to pay; but even were the defendants to be viewed in the light of sureties, each must be considered to have become the surety of the maker only to the amount of the sum which he transferred by his endorsement, and cannot be made answerable for more because their obligations were created by the same act. Civil Code, art. 2079.

It is, therefore, ordered that the judgment of the District Court

be so amended as to render the defendants liable jointly only, and not jointly and severally. The costs of this appeal to be borne by the plaintiff and appellee.