Dougart v. Desangle.

### J. BAPTISTE DOUGART v. LOUIS DESANGLE.

Plaintiff having instituted an action for arrears of rent against *L— & Co.*, citation was served only on one of the parties composing the firm, which was not alleged to have been a commercial one. *Held*, that the action could not be maintained against one of the members alone, as in every suit on a joint contract all the obligors must be made defendants, and no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are presumed to have done so (C. C. 2080); that the action being against a partnership, it must be inferred that there are several defendants ; that it is enough to show that all the defendants named in the petition were not cited, to entitle those cited to require a dismissal of the action ; that the omission to join the proper parties, is not a matter of form, but a matter of law on which the rights of the parties depend ; and that the plaintiff could not amend his petition, by substituting the name of the party cited for that of the firm, and proceed with his action.

A misnomer of the defendants in the petition and affidavit, will be cured by the execution of a bond for the release of the property provisionally seized, by the defendants in their real names.

APPEAL from the City Court of Lafayette, *Carregan*, J.

SIMON, J.   The defendant is appellant from a judgment which condemns him to pay to the plaintiff the sum of $524, which is the balance due for the rent of a house for two years, at the rate of $25 per month, credit being given in the plaintiff's petition and affidavit, for three months' rent, paid previously to the institution of the suit.

The present action was instituted on the 22d of January, 1844, under the allegations of the petition, that *Louis & Co. are justly indebted* to the petitioner in the sum of $524, as specified and set forth in the affidavit annexed ; and it is stated in the said affidavit, that " *Loison & Co.* rented from him, the plaintiff, a house for two years, *commencing on the 1st day of November*,

Dougart v. Desangle.

1843, and to run for two years, *at twenty-five dollars per month;* that *three months' rent have been paid,* and the balance of the sum for said lease will be and is five hundred and twenty-four dollars, said rent payable monthly; your affiant has good reasons to believe, and does believe that the furniture and property on which he has a lien and privilege, will be removed out of the premises, and that he will and may be thereby deprived of his lien." He prays that *they* may be condemned to pay, &c.

A provisional seizure had been previously issued on the 20th of January as against *Loison & Co.,* by virtue of which the city marshal had, on the same day, seized various articles of furniture and other things; and, on the 4th of March ensuing, the defendant filed his answer, in which he sets up, that "*he never has been a member of any kind of copartnership of Loison & Co., if any such partnership ever existed;* and he further says, *that he is not indebted in any way or manner to said plaintiff; that no contract of lease of any kind has ever been entered into between him and the plaintiff.*" On the reading of this answer, the plaintiff's counsel moved to have leave to amend his petition, by inserting the name of *Louis Desangle* in place of Loison & Co., on the ground that said Desangle had come into court and filed his answer to the citation. This was objected to by Desangle's counsel, on the ground that no suit had been legally instituted against his client; but the lower judge, having sustained the plaintiff's motion, and ordered the parties to proceed to trial immediately, the defendant's counsel took a bill of exceptions.

We think, notwithstanding the appellant's answer, which is virtually nothing more than a plea that the defendant, upon whom a citation had been served, was not, and could not be considered as the proper party to the suit, that the present action, instituted against *Loison & Co.,* could not be maintained below against *Louis Desangle* alone, and that the judge *a quo* should have dismissed it. If the plea had been that of a mere misnomer, there is no doubt that the plaintiff would have been entitled to amend his petition by inserting the right name, after its having been disclosed by the defendant; but it was a denial of his being a member of the partnership of *Loison & Co.,* and of his ever having entered into any contract of lease with the

plaintiff. The suit brought against a parnership, not alleged to be commercial, necessarily implied that there were several defendants against whom the original proceedings were instituted, and Louis Desangle, if one of them, had clearly a right of appearing before the inferior court, and requiring his co-partners to be made parties to the suit. Instead of doing so, however, he denied his being one of the partners of the firm of Loison & Co., and, without any proof that he was properly sued as such, the trial was gone into immediately against him alone, and, in the absence of the other parties, who, from the prayer of the petitioner, had been sued as being jointly obligated with him. This was irregular and illegal; as the record informs us that, although the original proceedings were commenced against the three members of a partnership called in the petition *Loison & Co.*, only one of them was brought before the court by citation, the two others not having been cited.

It appears that a writ of provisional seizure having been issued against *Loison & Co.*, two days before the filing of the plaintiff's petition, the same was levied upon certain goods and articles of furniture, &c., belonging to *Lasuse & Co.;* whereupon, the members of this partnership, composed of *Lasuse, Dominique Clavele,* and *Louis Desangle,* gave their bond to the marshall, in the sum of $300, with Henry Hart as security, for the forthcoming of the articles seized, *in case the above named principals were cast in the suit now pending in the City Court of the city of Lafayette, entitled Bapte. Dougart v. Lasuse & Co.,* which bond was signed respectively by the three defendants. Only one of them was subsequently cited to appear, although the suit, in its inception, was intended to be against the three, and although the petition prays that they may be condemned, &c.; and it is perfectly clear that it could not be maintained against the appellant alone, as it is a well settled rule that, " in every suit on a joint contract, all the obligors must be made defendants, and that no judgment can be obtained against any, unless it be proved that all joined in the obligation, or are by law presumed to have done so." Civil Code, art. 2080. 3 La. 437. In the 5 La. 122, this court held that, as the general rule is, that all the co-debtors must be sued, it is sufficient for the defendants to show that all named in the

petition) are not made parties ; and in the case of *Loussade* v. *Hartman et al.*, 16 La. 117, in which the four obligors were also named in the petition, it was decided that the judgment was erroneous, because, being a joint one, it was against two of the defendants only. Here, as we have already remarked, the first proceedings were instituted against *three* defendants, under the name of Loison & Co., though the real name of the partnership was Lasuse & Co. This informality was cured, it is true, by the defendants' giving their bond in their true names ; but the plaintiff could not subsequently proceed against any one of them alone. It was his duty to make them all parties to the suit, and, having failed to do so, his action must be dismissed.

It has been contended, however, by the appellee's counsel, that a provisional seizure having been issued, the appellant claimed the property, and was, therefore, bound to defend the suit in the name by which he claimed it ; and that if there were any irregularity, there is an express provision of law that says, " that no judgment or decree shall be reversed for any defect or want of form, but the Supreme Court shall proceed and give judgment according as the rights of the case and matter of law shall appear unto them, without regarding any imperfections, or want of form in the process, or course of proceeding whatsoever." B. and C's. Digest, p. 177, No. 3. That this law of 1813 is yet in force, is very questionable, as having been superseded by the Code of Practice and its amendments, which contain all the rules of proceeding by which we are governed, it has perhaps been been repealed by the law of 1828, B. and C's. Digest, p. 155, No. 17. But here, the non-joinder of parties is not a mere informality, or want of form. It is matter of law upon which the rights of the parties depend, and which is the legal foundation of the action; and our judgment must, therefore, be rendered accordingly. As to the provisional seizure of property said to have been claimed by the appellant, this is incorrect. We have already shown that the property seized was claimed by the three partners of Lasuse & Co., who gave their joint bond or obligation for its forthcoming, and that the appellant is one of them. It is obvious, therefore, that he only claims it as one of the partners.

It is, therefore, ordered and decreed, that the judgment of the City Court be annulled and reversed, and that ours be for the defendant, as in case of non-suit, with the costs in both courts.