THE MAYOR AND TRUSTEES OF THE TOWN OF SHREVEPORT *v.* J. L. GOOCH et al.

The Commercial Code was never adopted by the Legislature, and the general principles of the Civil Code in regard to joint obligations and obligations *in solido*, are applicable to commercial paper.

There is no provision of law which exempts acceptances from the operation of the rule laid down in Art. 2088 of the Civil Code, which provides that "An obligation *in solido* is not presumed : it must be expressly stipulated."

An acceptance is an absolute engagement to pay a sum of money to the holder, whether the acceptors have or have not funds of the drawee in their hands.

APPEAL from the District Court of the Parish of Caddo, *Jones*, J.

*John H. Pennall*, for plaintiffs. *F. P. Austin*, for defendants and appellants.

MERRICK C. J. This case is correctly stated by appellants' counsel as follows :

" On the 27th October, 1858, the defendant, *John L. Gooch,* drew a draft to his own order for $606 82, due at six months, on his co-defendants, *B. L. Hodge* and *H. S. Howell,* and they having accepted it, *Gooch* indorsed it to plaintiffs. On the 20th September, 1859, *Hodge* paid $315 48, and on the 24th day of November, 1859, plaintiffs brought suit for the balance against the drawer *Gooch,* and the acceptors, *Hodge* and *Howell,* alleging their liability *in solido.* None of the defendants filed an answer, and judgment was rendered for the amount of the draft, less the above credit, against them all *in solido,* in the court below, from which *Hodge* alone appeals."

He contends that he was only bound jointly with *Howell* for the payment of the draft, and that having paid his virile share of the debt, the judgment against him is erroneous.

The counsel for the appellee 'admits that obligations are never presumed to be *in solido,* but he supposes that the case must be governed by the commercial law and that the acceptors under that law are jointly and severally bound to the holder.

The Commercial Code was never adopted by the Legislature, and the general principles of the Civil Code in regard to joint obligations and obligations *in solido* have been so often applied to promissory notes and bills of exchange, that the question of their applicability to commercial paper is no longer open.

The Civil Code, Art. 2088, declares that "An obligation *in solido* is not presumed; it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation *in solido* takes place of right by virtue of some provision of law."

We are not aware of any provision of law which exempts acceptors from the operation of the rule. They are not strictly speaking depositaries, and their acceptance is an absolute engagement to pay a sum of money to the holder, whether they have or have not funds of the drawee in their hands. As the makers of a promissory note, the drawers of a bill of exchange, and the payees of a promissory note upon their endorsements, are only bound jointly, we think there is no safe ground upon which acceptances can be exempted from the operation of the rule. See *Bank of Louisiana* v. *Sterling,* 2 La. 62; *Mayor* v. *Ripley,* 5 La. 122; *Cooper* v. *Polk,* 2 An. 158; *Bagget* v. *Rightor,* 4 Rob. 18.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed as to said appellant, and that there be judgment in favor of the said appellant, *B. L. Hodge,* and against the plaintiffs' demand, with costs of both courts.