Hyman, C. J.
The New Orleans Delta Newspaper Company, a chartered corporation, was sued as maker, and Henry J. Leovy and Lucius O. Duncan were sued as endorsers, by plaintiffs, on a promissory note, made and executed by the business manager of the corporation, Henry J. Leovy.
The note was drawn as follows, to wit:
*203 “ $1,125. New Orleans, May lOfcli, 1860.
“ Six months after date, we promise to pay to the order of Henry J. Leovy and Lucius O. Duncan, one thousand one hundred and twenty-five dollars, value received, with interest, at the Canal Bank, in New Orleans.
Henry J. Leovy, Business Manager of Delta. ”
The note was endorsed in blank by Henry J. Leovy and Lucius O. Duncan.
Bresentment and demand of payment of the note was made at its maturity, and, on payment being refused, it was protested for non-payment, and due notice of its dishonor given to Leovy and Duncan.
The District Judge, on the 1st of March, 1861, rendered judgment against Leovy and Duncan, condemning them in solido to pay plaintiffs the amount of the note, with interest and costs ; and on the 2d day of the same month he also rendered judgment against the corporation, condemning it likewise to pay to plaintiffs the amount of th'e note, with interest and costs.
All the defendants have appealed from these judgments.
The act of incorporation, which was introduced in evidence, declared that the purpose for which the corporation was established was to publish a newspaper, to maintain and conduct a job printing office, to do all acts connected with the printing and publishing business, and to purchase the “paper” and “office,” and all things necessary for the same.
The act further declared, that all the powers of the corporation should be exercised by two managers and some clerks.
One of the managers to be the manager of the editorial department, and the other manager to be the manager of the business department, who was to attend to all things connected with the business department, and was the only person authorized to contract for the corporation, or to bind it in any manner whatever.
No other power or authority was given to the business manager,
Leovy was appointed business manager of the corporation.
This authority did not authorize Leovy, the business manager, to bind the corporation in this peculiar manner.
To enable plaintiffs to recover judgment against the corporation, they should have produced evidence that Leovy had special authority to draw the note, or its equivalent, to wit: that the making of the note by the business manager was necessary to effect the objects for which he was appointed. C. O. 2966. 6 La. R. 590.
The judgment against the endorsers is also erroneous.
Though it is not proved that the corporation is the maker of the noto, the defendants, by their endorsements, have acknowledged that the corporation is the maker, and they are as liable to the plaintiffs as if the business manager had authority to sign and make the note for the corporation.
As to them, the note is proved to have been made by the corporation, and by the note they became the joint creditors of the corporation.
By their endorsements they became joint debtors, not debtors in solido, to'the holders. See 3 La. 438. 4 Rob. 18.
It is contended that, as the plaintiffs made the note a part of their petition, and as there is an endorsement in blank on the note, made by an *204 agent, subsequent to the endorsements of defendants, tlie authority of the agent should be proved before the plaintiffs oan recover judgment. As it was unnecessary for plaintiffs to make such averment, it was also Unnecessary to prove the averment. See 2 An. 331.
We do not deem it necessary that the endorsements made subsequent to .those of defendants should be struck from the note before plaintiffs can have judgment against the defendants on the note.
It is ordered, adjudged and decreed, that the judgments of the District Court be annulled, avoided and reversed; it it further decreed, that the suit of plaintiffs be dismissed at their cost, as to the defendants, The New Orleans Delta Newspaper Company. It is further decreed, that plaintiffs recover from Henry J. Leovy and Lucius C. Duncan, jointly, the sum of one thousand one hundred and twenty-five dollars, with live per centum per annum interest thereon, from 10th day of May, 1860, till paid, and six dollars and five cents, cost of protest.
It is further decreed, that plaintiffs have judgment against the said Leovy and said Duncan, in solido, for the costs of suit against them in tho lower Court. The plaintiffs to pay the costs of appeal.
Howekd, J. recused.