255 So.2d 816 (1971)
Oscar Lionel SMITH, Plaintiff-Appellant,
v.
LOUISIANA BANK & TRUST COMPANY et al., Defendants-Appellees.
No. 11659.
Court of Appeal of Louisiana, Second Circuit.
November 16, 1971.
Rehearing Denied January 4, 1972.
Writs Granted February 11, 1972.
Writ Refused February 11, 1972.
*818 Booth, Lockard, Jack, Pleasant & LeSage, by H. F. Sockrider, Jr., and James E. Bolin, Jr., Shreveport, for Oscar Lionel Smith, plaintiff-appellant.
Cook, Clark, Egan, Yancey & King, by Sidney E. Cook, for Leon Gary, Jr., Baton Rouge, Shreveport, for Louisiana Bank & Trust, Maryland Casualty and Capital Bank & Trust Co.
Richardson & Arata, by Don M. Arata, Bogalusa, for Louisiana State Bond & Building Comm.
Thomas & Prestridge, Bossier City, by Rogers M. Prestridge for Clarence L. Madden, Jr.
Before PRICE, HEARD and BURGESS, JJ.
En Banc. Rehearing Denied January 4, 1972.
BURGESS, Judge ad hoc:
Plaintiff, Oscar Lionel Smith, alleged in his original petition that he was co-payee of a check drawn by Louisiana State Bond and Building Commission in the amount of Ten Thousand Nine Hundred Eighty and No/100 ($10,980.00) Dollars. The other payee was Nortech Construction Company. The drawee on the check was Capital Bank and Trust Company. Plaintiff Smith further alleged that some one (proven by the evidence to be C. L. Madden, Jr., President of Nortech) forged his endorsement and cashed the check at Louisiana Bank & Trust Company. Louisiana Bank stamped the back of the check guaranteeing all endorsements and sent the check to the Mercantile Bank of Dallas, Texas. Mercantile followed the same stamping procedure and sent the check to the drawee who paid the check and debited the Commission's account. Plaintiff is, of course, alleging that he received no funds from the check. The evidence shows that the proceeds of the cashed check was deposited to the account of Nortech in Louisiana Bank & Trust Company. Plaintiff filed suit against Louisiana Bank & Trust Company, Maryland Casualty Company (Louisiana Bank's insurer), Louisiana State Bond and Building Commission, Capital Bank & Trust Company, Nortech Construction Company and C. L. Madden, Jr., the president of Nortech Construction Company.
Plaintiff is seeking judgment for the entire $10,980 against all of these defendants. He contends he is entitled to the full face amount of the check because Nortech assigned to the plaintiff the funds due it from the Commission. This purported assignment grew out of an arrangement whereby Smith would provide interim financing for Nortech under Nortech's building contract with the Commission. Nortech and Smith agreed that the Commission would make all checks due Nortech payable jointly to Nortech and Smith. The Commission assented to this agreement. As per the agreement, Smith loaned money to Nortech who paid him back periodically and the Commission issued all checks jointly. There is some dispute over what Nortech still owes Smith and it is *819 not entirely clear how much Smith actually loaned Nortech. However, there is no dispute that the parties continued under the original agreement that the Commission would make all checks payable jointly to Nortech and Smith.
The trial judge found that C. L. Madden, Jr. forged Smith's endorsement and appropriated all of the $10,980 to the corporation, Nortech Construction Company, for whom he is president. The trial judge also found that the law of Louisiana provided no remedy to Smith against either the cashing bank, Louisiana Bank and Trust Company, or the drawee bank, Capital Bank and Trust Company. Further, the trial judge found that there was no assignment making the Commission a debtor of Smith, and consequently rejected Smith's demand against the Commission. Since Smith had opened the door to all of the loans and repayments between himself and Nortech through alleging an assignment of funds, the trial judge found that Nortech really owed Smith only $321 and gave judgment for Smith against Nortech and C. L. Madden, Jr., in that amount.
Primarily, this is a suit on a check payable jointly to two co-payees, one of whom signed the other's name and appropriated all of the funds. It is not in dispute that the Commission owed the entire amount of the check, $10,980, or that they assented to the agreement to make all checks payable to Nortech and Smith jointly. It is the settled law of Louisiana that the payee of a check cashed by forged endorsement has no cause of action against either the collecting bank or the drawee bank. M. Feitel House Wrecking Company v. Citizens Bank and Trust Company, 159 La. 752, 106 So. 292 (1925); Fernon v. Capital Bank and Trust Company, La. App., 190 So.2d 504 (1st Cir. 1966); Fidelity National Bank of Baton Rouge v. Vuci, 224 La. 124, 68 So.2d 781 (1953). His action is properly against the drawer of the check. This is because, as the Supreme Court of Louisiana stated in Feitel, "* * the check has never in reality been paid * * *." (p. 295) Just as the payee has a cause of action against the drawer of the check, the drawer has an action against the drawee to force the removal of an unauthorized debit. The drawee in turn has an action against the collecting bank on its breach of warranty that it guarantees all prior endorsements. Fidelity National Bank of Baton Rouge v. Vuci, supra. In turn, the collecting bank has an action against the cashing bank on its endorsement and the cashing bank must then go against the forger to recover the funds. Many jurisdictions short circuit this route by giving the payee an action against the cashing bank [See 100 A.L.R.2d 673-680], but this has long been rejected by Louisiana courts. The Louisiana method has the support of sound theory although the method is circuitous. The payee may recover against the drawer because he has never been paid; the drawer may recover against the drawee because the drawee did not pay in accordance with the drawer's order; the drawee may recover against the collecting bank on its endorsement; the collecting bank may recover against the cashing bank on its endorsement; the cashing bank may recover against the forger under any number of theories. In the Vuci case, the cashing bank was allowed to recover against the forger under a breach of warranty, LSA-R.S. 7:65, 7:66, and also under the theory of recovery of money paid under a mistake of fact, LSA-C.C. Art. 2301. [See 15 La. Law Review 344 for a discussion of the Vuci case]. It seems clear then, that the trial judge was correct in not granting judgment for Smith against Louisiana Bank and Trust Company, Maryland Casualty Company, and Capital Bank and Trust Company.
It is undisputed that the Commission owes $10,980 on the construction job and further undisputed that they agreed to, and did in fact, make the check payable jointly to Smith and Nortech. Cecil M. Hill, the Director of the Commission, testified *820 that he responded to C. L. Madden's request to make the checks payable jointly in a letter dated February 24, 1966. The letter reads as follows:
 "February 24, 1966
 "Nortech Construction Co., Inc.
 1602 Barksdale Blvd.
 Bossier City, Louisiana
 Re: Project 18-12-65
 Renovations
 East La. State Hospital
 "Dear Mr. Madden:
We have your letter asking that all checks payable to you in connection with the above project be made jointly to Nortech Construction Co., Inc. and Lionel Smith.
Our Bookkeeping Department will make these checks jointly to Nortech Construction Co., Inc. and to Lionel Smith and then they will be mailed to Nortech Construction Co., Inc.
 Very truly yours,
CMH/is Cecil M. Hill
 Director
cc: Mr. Lionel Smith"
Both Smith and Madden testified to the agreement they made that the checks be payable jointly. Lionel Smith asserted that this agreement to make the checks payable jointly was an assignment of funds and, therefore, that the Commission was his debtor. Further, Smith asserted that a subsequent agreement between himself and Nortech was an assignment making the Commission his debtor. This court does not deem it necessary to decide whether these agreements were assignments or not. This is because we deem this litigation to be simply a suit on a check by a co-payee, whose name was forged, against the drawer of the check who did not specially plead lack or failure of consideration.
It should be kept in mind that the Commission undoubtedly owed $10,980 and that none of the parties ever made any attempt to modify or revoke the mutual agreement to make the checks payable jointly to Nortech and Smith. There is a question in this case whether Smith can sue on the check itself, despite the fact that he never actually had possession of the check. Research shows that this is a question of first impression in Louisiana. Cases in other jurisdictions are not much help in this area either. LSA-R.S. 7:41 states that "where an instrument is payable to the order of two or more payees or indorsees who are not partners, all must indorse, unless the one indorsing has authority to indorse for the others." This indicates that in the absence of an agency relationship between the co-payees, title cannot be transferred except by valid endorsement of both payees. The effect of this was stated by the Louisiana Supreme Court in Vuci, supra:
"[i]f the drawer makes the instrument payable to the order of a designated payee and his indorsement * * * is placed thereon by a signer without authority from the holder, each subsequent purchaser is not a holder. Each, in turn, is in unlawful possession of an instrument which belongs to another. The person whose indorsement was thus made was the last holder and is the owner with all the rights of such." * * * (Emphasis supplied)

[68 So.2d 781, 783]
While this does not exactly answer the question of whether a co-payee whose name is forged by the other payee is a holder despite the fact that he knew nothing of the check, it does indicate that, where there are co-payees, title to the instrument cannot pass without the valid endorsement of both payees. From this, it follows that if both payees do not sign, then at least the one who did not is still the owner of his rights in the instrument. For these reasons, *821 it would seem that Smith's rights in the check still belong to him and he may sue on the check.
The drawer of this check did not specially plead lack or failure of consideration for the issuance of the check. LSA-C.C.P. Art. 1005 states that "[t]he answer shall set forth affirmatively * * * failure of consideration * * * and any other matter constituting an affirmative defense." As stated by now-Justice Tate of the Louisiana Supreme Court, "[j]urisprudential applications make plain that affirmative defenses must be disregarded unless well pleaded in the trial court." 28 La. Law Review 411; Landry v. Yarbrough, La.App., 199 So.2d 377 (1st Cir. 1967); Shingledecker v. Spencer, La.App., 193 So.2d 340 (4th Cir. 1966). Thus it seems that this court should not consider whether there was consideration supporting this particular check. Since the court need not determine whether there was consideration supporting this check, we reiterate our decision that there is no reason to consider whether there was an assignment of funds in this case. From this it should not be inferred that this court believes there was no consideration for the check, i. e., that there was no assignment, only that the drawer did not properly raise the issue.
Having decided that Smith was still entitled to ownership of some of the check, i. e., that he was a holder and could sue on the check, and further having decided that the issue of consideration supporting the check is not properly before this court, it remains to determine how much of the check Smith is entitled to. Smith and Nortech as joint payees were each entitled to recover one-half from the drawer, or $5,490. Louis J. Baggett v. Abraham F. Rightor and Another, 4 Rob. 18 (1843); Barrow v. Norwood, 3 La. 437 (1832).
The trial judge undertook to adjust the accounts between plaintiff as the lender and Nortech and Madden as the borrower, and he made a determination that a balance of $321 was owed by Nortech and Madden to plaintiff on the note, which was presented with plaintiff's petition. We do not agree or disagree with the factual determination of the trial judge. However, we do feel that no serious or bona fide effort was demonstrated by either Smith on the one hand, or Nortech and Madden, to have the court adjust their differences in this particular suit. While there might be some doubt that any future litigation would be any more productive of any evidence of clarification, we deem it in the full interest of justice to Smith, Nortech, and Madden to dismiss without prejudice all claims made by Smith against Nortech and Madden.
Defendant Louisiana State Bond and Building Commission filed third party demands against Louisiana Bank and Trust Company, its insurer, Maryland Casualty Company, Capital Bank and Trust Company, C. L. Madden, Jr. and Nortech Construction Company, Inc. These should be rejected except the Commission should have recovery against Capital Bank and Trust Company because it is well settled that the drawer has the right to recovery from the drawee on any instrument paid on a forged endorsement. Allan Ware Pontiac, Inc. v. First National Bank of Shreveport, La.App., 2 So.2d 76 (2d Cir. 1941); Couvillion v. Whitney National Bank of New Orleans, 218 La. 1096, 51 So.2d 798 (1951).
For the reasons assigned above, that portion of the judgment of the trial court which gave recovery to Oscar L. Smith against Nortech Construction Company, Inc. and C. L. Madden, Jr., in solido, for $321, and further which rejected Smith's demand against Louisiana State Bond and Building Commission is reversed and set aside. That portion of said judgment which rejected Smith's demand against Louisiana Bank and Trust Company, Maryland Casualty *822 Company and Capital Bank and Trust Company is affirmed.
It is now ordered, adjudged and decreed that there be judgment herein dismissing without prejudice all actions by plaintiff, Oscar Lionel Smith, against defendants, C. L. Madden, Jr. and Nortech Construction Company, Inc.
It is further ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Oscar Lionel Smith, against the defendant, Louisiana State Bond and Building Commission, for the sum of Five Thousand Four Hundred Ninety and No/100 ($5,490.00) Dollars, with 5% per annum interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of third party plaintiff, Louisiana State Bond and Building Commission, against third party defendant, Capital Bank and Trust Company, in the sum of Five Thousand Four Hundred Ninety and No/ 100 ($5,490.00) Dollars, with 5% per annum interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment herein in favor of third party defendants, Louisiana Bank and Trust Company, Maryland Casualty Company, C. L. Madden, Jr., and Nortech Construction Company, Inc., against third party plaintiff, Louisiana State Bond and Building Commission, rejecting and dismissing the latter's demands against these defendants.
It is further ordered, adjudged and decreed that one-half of the costs in both courts are assessed against the Louisiana State Bond and Building Commission, and that the remaining one-half of the costs in both courts are assessed against Capital Bank and Trust Company.
Reversed in part, affirmed in part and rendered.