Jose Ruiz Perez died at Guemes, Spain, on November 15, 1917, leaving a last will and testament disposing of his property situated in the city of New Orleans, which was his domicile. Under the terms of his will, the testator's entire estate was bequeathed to his mother, Mrs. Carlotta *Page 971 
Perez Abascal, living at Guemes, Spain, and his uncle, Andres P. Abascal, was named as executor. The executor qualified and took possession of the estate, consisting mainly of stocks and bonds contained in a bank box on deposit in the Canal-Commercial Trust Savings Bank, and cash on hand to the credit of the deceased in the Citizens' Bank Trust Company, in the city of New Orleans, appraised at $74,313.26, and a small piece of real estate valued at $950, or a total valuation of $75,263.26 for the entire estate.
Andres P. Abascal died in the city of New Orleans, his domicile, on July 18, 1923, leaving an olographic will, dated June 26, 1918, in which he disposed of his large estate. This will, which was drawn in the Spanish language, was duly probated. The last clause of the will, translated into the English language, reads as follows:
 "The box that was in the name of Jose Ruiz, and now in my name in the bank, Commercial Trust Savings Bank in Camp St., and the deposits in the bank, Citizens' Bank Trust Co. of Louisiana, belong to my sister, Carlotta Perez Abascal, widow of Aniceto Ruiz. If she be dead I want them to go to the daughter of Elvira Ruiz Perez or to her heirs."
Mrs. Carlotta Perez Abascal died on October 16, 1919. On April 2, 1924, Mrs. Elvira Ruiz Perez, wife of Gabino Mazas Davin, of Guemes, Spain, brought this suit in the proceedings of the succession of Andres P. Abascal, alleging the death of her mother, and claiming the ownership of the bank box and its contents as well as of the cash on deposit in the Citizens' Bank, in default of her mother, or, in the alternative, as a bequest under the will of her uncle, Andres P. Abascal.
The executor and residuary heirs answered the suit, averring that the contents of the box and the money on deposit belonged to the estate of Andres P. Abascal, who had carried out his obligation to deliver said property to Mrs. Carlotta Perez Abascal by purchasing it from her for the sum of $75,262.50. As *Page 972 
to the alternative demand, defendants alleged that the clause in the will referred to was merely a declaration of ownership and not a bequest, and that the testator, not being the owner of the contents of the bank box and the cash at the time, could not have bequeathed property belonging to another.
The court below rejected plaintiff's demand and dismissed her suit, and she has appealed.
We think the judgment is correct. The estate of A.P. Abascal, as shown by the inventory, was appraised at $606,065. Included in this valuation were the contents of the bank box and cash on deposit, appraised at $66,552.15.
In the year 1919, the deceased remitted to his sister, Mrs. Carlotta Perez, by three bills of exchange, the sum of $75,262.50. This amount was only 76 cents less than the value of the estate of Jose Ruiz Perez, without any deduction for the expenses of his succession. The testimony of Mr. De Gruy, the trust officer of the Hibernia Bank Trust Company, and of the attorney for the succession of Perez, shows that Abascal intended to purchase, and did purchase, the said property from his sister. Among the effects of the decedent was found a memorandum book containing a list of the securities owned by Perez as contained in said bank box, across the pages of which is written in the handwriting of Abascal that the bonds belonged to him "bought of" or "from" Carlotta Perez, Pueblo de Guemes, Spain, Succession of Jose Ruiz or "Jose Ruiz Perez." [1] Counsel for plaintiff contends that the declarations made by Abascal to the witnesses, as well as the notation made by him in the memorandum book, are self-serving declarations, and are valueless to establish his title to the contents of the box and the money in bank.
While it is true that these declarations may not be conclusive, they are corroborative *Page 973 
of the evidence showing that the decedent paid his sister, plaintiff's mother, an amount equivalent to the value of her legacy, which payment was made shortly after the said legatee had been sent into possession, and after the executor had obtained an order of court authorizing him to deliver the property to her.
If the declaration in the will was competent evidence, as plaintiff contends, there is no good reason shown why the declaration as contained in the memorandum book, made at a time unsuspicious, should not be entitled to equal weight. "The declaration of a person, since deceased, declaring that the property in question was his, was admissible and competent to rebut other evidence of his declarations to the contrary." 4 Encyclopædia of Evidence, p. 101, citing Foster v. Nowlin, 4 Mo. 18.
It is also shown that securities to the value of approximately $8,000 were withdrawn from the box by Abascal, which is further corroborative of the fact that he had become the owner of its contents; otherwise, as an honest man, which the record shows he was, he would not have taken such action.
Plaintiff does not deny that her mother received the money and that it was sent to her for the purpose of discharging the obligation of Abascal to deliver her property to her. Plaintiff did not take the witness stand, nor did she offer any evidence to explain said payment. In these circumstances, the presumption of law is that the payment was made by Abascal in settlement of his obligation to his sister. Civ. Code, art. 2288, Succession of Hymel, 48 La. Ann. 737, 19 So. 742.
It is further argued on behalf of plaintiff that Abascal, as executor, was prohibited from purchasing the contents of the box and the cash in bank. The answer to this argument is obvious. The purchase was not made from the estate, but from the legatee *Page 974 
after she had been put in possession by judgment of court and after the granting of an order directing the delivery of the property to her. In the absence of fraud, the vendor could not complain, and plaintiff, as her heir, has no greater right.
On the alternative demand of the plaintiff, the clause of the will under discussion is clearly, from its language, not a testamentary disposition. It does not bequeath anything. It is merely the declaration of a careful man to his executor and his heirs that the property in question is not his, and, should he die before he has fulfilled his trust, it should be delivered to his sister by his executor, and, if his sister be dead, he wanted it to be given to her daughter, or her heirs. This was in accordance with the terms of the will of Jose Perez.
For the reasons assigned, the judgment appealed from is therefore affirmed at appellant's cost.
O'NIELL, C.J., absent.