The automobile accident from which this litigation results also gave rise to the earlier damage suit brought by Mrs. Mary Killilea Tymon against the same defendant, which was before us under the title "Mrs. Mary Killilea Tymon v. Toye Bros. Yellow Cab Company."
The present plaintiffs are Mrs. Myrtle Grethe, wife of Wm. J. Tymon, who seeks recovery for her own injuries, and William J. Tymon, who appears on his own behalf and also on behalf of two minor children, Bernard and William J. Jr. All of the present plaintiffs and the plaintiff in the first suit were in a group standing on the sidewalk of Tulane Avenue near the corner of South Tonti Street when a taxicab of defendant, driven by Wm. Callahan, left its proper position on the roadway of Tulane Avenue, and after mounting the curb of the sidewalk, struck most of the persons in the group, causing injury to several of them. One of those persons, as we have said, was Mrs. Mary Killilea Tymon, who filed the first suit against the defendant. She alleged that the accident had resulted from negligence on the part of the operator of the taxicab.
The defendant met these allegations with the averment that the taxicab had been struck on its left side by another automobile, which was going past it at a much faster rate and had been driven by the blow upon the sidewalk, without any fault whatever on the part of Callahan.
In that other suit there was a judgment of dismissal, and on appeal we affirmed *Page 600 
that judgment reaching the conclusion that the evidence showed that the other unidentified automobile had struck the taxicab as defendant averred, and that this had caused the accident without any fault on the part of Callahan, the employee of defendant. See Tymon v. Toye Brothers Yellow Cab Company, La.App., 180 So. 839. We felt then as we feel now, that because of the doctrine of res ipsa loquitur, the burden of exculpating themselves rested upon the defendants, but also found and said that that burden had been successfully borne.
Thereafter this suit was tried based on substantially the same charges of negligence and the defendants have made practically the same averments, contending that the taxicab was struck by the other unidentified automobile, and disavowing negligence on the part of their employee.
After a mistrial, on second trial there was a verdict in favor of defendants. Two of the twelve jurors were unable to attend throughout the trial and, on agreement, it was stipulated that the remaining ten should continue to hear the case, and that any nine of them might reach a verdict. All ten agreed in rendering the verdict in favor of the defendants. A new trial was requested and refused, and from the judgment based on the jury's verdict plaintiffs have appealed.
It thus appears that the issues presented here are identical with those considered by us in the earlier case and have been passed upon four times, first by the judge in the first case, then by this court and later by the jury which rendered the present verdict, and then by the judge a quo in refusing to grant a new trial.
But counsel for plaintiffs urge us to reconsider the matter and maintain that we were wrong in our first conclusion and that even if that conclusion was justified by the record then before us, the present record contains other evidence which necessitates a different result. We have checked the record in the first case with that which is now before us, and we find that with almost no exceptions the same witnesses testified in both cases and gave substantially the same testimony.
We were told in oral argument by counsel for plaintiffs that there has been a very important change in the testimony of one of defendant's witnesses, Joseph Solomon, who, while not the driver of the taxicab which was involved, was operating another taxicab which was proceeding along the same street some distance in the rear of the first cab. Counsel maintains that the testimony of this witness, Solomon, given in this case, proves that no other car, going at a high rate of speed, struck Callahan's car. It is true that Solomon testified in this case that though he was following behind Callahan at a distance estimated at from 50 to 150 feet for some minutes prior to the accident, he did not see any other automobile pass his, Solomon's car, and it is also true that in the earlier case Solomon did not testify that he had been following some distance behind Callahan's car. But he did say in the earlier case that he had reached the scene of the accident a few moments after it had occurred. A careful reading of his testimony in the present record convinces us that there has been no substantial change in his testimony, and that his present testimony does not necessarily include the positive statement that no other automobile hit Callahan's car. On the contrary, all that Solomon says is that he did not recollect that any car, going at a fast rate of speed passed him, and he adds that the night of the occurrence was the night before Mardi Gras and that there was a great deal of traffic on the street. What he evidently meant was that other cars might have passed without his noticing them. At any rate, we see no substantial change in his testimony.
Counsel for plaintiffs also points to what he believes is a significant variance in the testimony of Callahan, pointing out that although on the trial of the first case this witness said that when his cab was brought to a stop he did not recall "where the women were lying in the street", in the present case he recalled that "they were lying alongside the cab." We attach no significance whatever to this unimportant variance in the testimony of this witness. It is, in fact, remarkable that the testimony given in the two voluminous records coincides as closely at it does. A reading of this record convinces us of the correctness of our former opinion, and also convinces us that the judgment in this case, based on the verdict of the jury, was not incorrect.
The judgment appealed from is affirmed.
Affirmed. *Page 642