McBRIDE, Judge.
A taxicab of which the defendants were chauffeur and owner, respectively, ran into and practically demolished a Buick automobile owned by the plaintiffs which was parked and unattended at the sidewalk curb of the uptown-bound roadway of LaSalle Street near Toledano Street, on the afternoon of July 17, 1959. This suit is filed for recovery of the amount of said damage, plaintiffs alleging the cab was not under proper control and that its driver failed to *461 maintain proper lookout. The answer denies negligence on the part of the cab driver; as a special defense, defendants allege when the cab reached Toledano Street, an automobile suddenly and without warning attempted to cross LaSalle Street which caused the cab driver to swerve his vehicle in order to avoid being struck by the other automobile, and that in doing so the cab ran into the parked car.
After a trial on the merits, plaintiffs recovered judgment for $450; defendants have appealed.
We are considering a case where the property of innocent parties was damaged as a result of being struck by an automobile; the operator and owner whereof are made defendants. The accident is one which ordinarily would not happen except through defects in the car or fault in its operation, or both. Therefore, the doctrine of res ipsa loquitur applies, and the burden of proof is upon the defendants to exculpate themselves from negligence, and the driver of the cab must be deemed guilty of negligence per se in the absence of any showing to the contrary. Insurance Co. of North America v. Gore, La.App., 106 So.2d 471.
Plaintiffs called as their witness the passenger who rode in the cab, and the most we can make out from her testimony is that an automobile emerged from Toledano Street and the accident occurred when the cab driver attempted to prevent a collision. To quote the witness’s words:
“A. We was coming up this street and a car was coming from toward— not toward us, but from a back street and he was trying to prevent hitting into that car and ran into the parked car.
“Q. When you say a car was coming from a back street, are you talking about a street that’s crossing the street you were on, or going the same direction? A. Like we was going up, this car was coming from — in other words, like beside us, like crossing us, like if it was coming in front of us, like we were going up and he was coming to go in front of us and he was trying to prevent that.”
The testimony of defendant cab driver seems at variance with that of the passenger and also with the special defense set up in the answer. Thus:
“A. I’d been traveling on Lasalle Street into Toledano, me and another automobile were traveling in the same direction. This fellow wanted to make a left turn toward the river. He changed his mind all of a sudden and made a right turn on me. So, I was cutting away from him and I hit the parked car.”
Moreover, the story of the cab driver appears to be most implausible. He states that when the other car attempted to turn left at the Toledano Street intersection, the cab was traveling to the right of and about a car length to its rear and that when its course was changed and the _ right turn made, the car crossed in front of the cab. Both automobiles are said to have been traveling at about the same speed, 25 to 30 miles per hour, which speed and their relative positions had been maintained for several blocks. This testimony cannot be accepted as true, for if the movements of the other vehicle were as related, one of two things would have happened — either the taxicab, at the speed it was traveling, would have passed the other vehicle, or there would have been a collision between the two cars. The other car could not have cleared the front of the taxicab.
In the light of the circumstances surrounding the manner plaintiffs’ damage was sustained, the evidence produced by the defendants must undergo a most careful scrutiny, as the facts connected with the accident are necessarily and exclusively within their peculiar knowledge. It was incumbent that they show complete freedom from any negligence, but we .are satisfied *462 that such showing has not been made. The disparity as between the allegations of the answer and the testimony cannot be overlooked. .Nor can the improbability of the cab driver’s claims be disregarded. Then again, the cab driver professed his inability to obtain the license number of the offending car, yet from the stand he made no attempt to describe the car or its driver. The trial judge was unimpressed by such evidence; so are we. There is no error in the finding of negligence.
There is no dispute regarding the amount allowed as plaintiffs’ damage.
Therefore, the judgment appealed from is affirmed.
Affirmed.