CHASEZ, Judge.
This is an appeal by Dorothy Whiteman,, ex-wife of John Young Snyder, from a. judgment awarding her and making execu-tory unpaid alimony in the amount of $5,-105.00, subject to a credit of $3,587.50 in< favor of her ex-husband for money which she allegedly owed him as her share of the- *247 cost of certain improvements made by him on community real estate. The relevant facts of the case are not in dispute. The only question raised on appeal is whether the lower court erred when it awarded the husband a “credit” against the overdue alimony for money which the wife supposedly owed him in the absence of a special plea of compensation on his part.
The record shows that on November 27, 1959, John Young Snyder filed suit against his wife for a divorce based on a two year separation pursuant to LSA-R.S. 9:301. On November 28, 1960, the lower court rendered a judgment of divorce a vinculo matrimonii and awarded alimony to the wife in the amount of $75.00 per week. There was no partition of the community property.
With the exception of certain payments in the amount of $820.00, the husband failed to comply with the alimony judgment from November 28, 1960 through June 2, 1962. Consequently, on June 12, 1962, the wife filed a rule to show cause why the judgment should not be made executory in the amount of $5,105.00. She also filed a rule to show cause why her ex-husband should not be held in contempt for non-compliance with the judgment.
The husband filed no answer or other responsive pleadings to these motions. Instead, he filed a rule to show cause why the alimony should not be revoked or reduced.
At the trial of the rules, the wife merely testified that she did not receive alimony payments during the above period. However, the husband testified that he spent $7,-175.00 out of his separate funds to pay maturing mortgage notes and to effect needed repairs on the former community home in which the wife is presently residing in an apartment therein. This testimony ostensibly was offered by the husband to purge himself of contempt by showing that he did not have funds available with which to comply with the alimony judgment.
After hearing the evidence, the trial judge dismissed the rule for contempt, rendered absolute the rule to revoke alimony payments, rendered an executory judgment for the unpaid alimony, and decreed that compensation took place against the alimony judgment to the extent of the wife’s half of the expenditures made by her ex-husband for the benefit of the community real estate. The wife now complains that the failure of her ex-husband to raise the defense of compensation in his pleadings precluded the lower court from declaring that compensation took place between the two debts.
Compensation is classified in the Civil Code as a method of extinguishing obligations. LSA-C.C. Art. 2130. When two debtors simultaneously owe each other sums of money which are equally liquidated and demandable, compensation takes place as a matter of law, and the debts are mutually extinguished to the extent of their respective amounts. LSA-C.C. Arts. 2207-2209. This rule equally applies when one of the debts is based on an obligation to pay alimony, irrespective of the special alimentary nature of such an obligation. Saunier v. Saunier, 217 La. 607, 47 So.2d 19 (1950).
However, Louisiana procedure has always required that compensation be specifically pleaded by the person relying upon it. Article 367 of the Code of Practice of 1870 provided that:
“The defendant may plead compensation, or set-off at every stage of the proceedings, provided it be pleaded specially.”
The reason for this rule was explained by the predecessor of this court in the case of Cigali v. Kaplan, La.App., 37 So.2d 467, as follows:
“A plea of compensation, set-off, or a reconventional demand should be set forth with the same certainty as to amounts, dates, items, etc., and the *248 manner in which the right thereto was acquired, as though the party relying on it were plaintiff in the suit, in order that the plaintiff may properly defend himself against such claim. The failure to meet this exaction is fatal to the plea, and the penalty is deprivation of the right of submitting proof of the claim. Busby v. Childress, La.App., 187 So. 104; Robert v. Blythe Company, La.App., 145 So. 15; Bloomenstiel v. McKeithen et al., 19 La.App., 513, 139 So. 519.”
Under the Code of Civil Procedure of 1960, compensation may be pleaded either in the answer or in a reconventional demand, but nevertheless it must be pleaded specially if the trial court is to consider it. See LSA-C.C.P. Art. 1005, and comment (b) thereto, and LSA-C.C.P. Art. 1062, and comment (b) thereto.
In the present case, it would have been impossible for the husband to raise the defense of compensation in his original pleadings, since the two debts which form the basis of the purported compensation did not come into existence until after the divorce judgment .had been rendered. However, when compensation becomes a potential issue in a case as a result of a motion or rule filed subsequent to the initial pleadings, the defense of compensation is properly raised in an answer to such motion or rule. See Hart v. Polizzotto, 171 La. 493, 131 So. 574 (1930).
We are of the opinion that the trial judge erred when he allowed the husband a set-off against the delinquent alimony payments to the extent of one-half the expenditures he made from his separate funds on the community house. While the husband had ample opportunity to raise the plea of compensation in an answer or other pleading responsive to the alimony rule, he did not choose to do so. Since the husband did not take the procedural step necessary to bring compensation into the case, the trial judge had no authority to reduce the alimony judgment by the amount which the wife supposedly owes him.
At this point it should be made quite clear that the court refrains from deciding, either expressly or by implication, whether John Young Snyder can recover for the expenditures he made from his separate funds when the property of the former community eventually is partitioned. The only thing which we decide is that the lower court erred when it decreed the extinguishment of Dorothy Whiteman’s alimony judgment by compensation to the extent of her purported indebtedness to her ex-husband, in the absence of a plea of compensation- on his part in an answer or other pleading responsive to the rules filed herein.
For the foregoing reasons the judgment of the lower court is amended by deleting the portion thereof granting a credit of $3,587.50 to John Young Snyder on the sum of $5,105.00, the amount the court found due to his wife, Marjorie Whiteman; and as amended and in all other respects the judgment is affirmed.
Amended and affirmed.