McBRIDE, Judge.
On the wet evening of January 25, 1961, at approximately 9:30, plaintiff’s automobile (a jeep) while unattended and parked parallel with the curb in the 5300 block of Orleans Avenue, was struck by a Ford; automobile driven by defendant’s 16-year-old son and damaged about its front, and’ plaintiff has brought this suit against the father of said minor driver to recover the damages to the jeep.
Defendant answered denying fault on' the part of his son and averring that immediately prior to the accident while his son was driving the Ford on Orleans Avenue in the direction of City Park Avenue and was passing an automobile owned by one R. V. Bauer which was parked parallel to the curb, said automobile was driven by-Bauer from its parked position into the-right rear corner of defendant’s automobile, the impact causing defendant’s son to-lose control of his vehicle, as a result of which the Ford crashed into the parked: jeep of plaintiff.
After a trial plaintiff recovered judgmenfr against defendant, who has appealed. The trial judge believed that whereas the jeep-was located 75 feet from the point where the contact with the Bauer automobile occurred, defendant’s son, had he not been’ careless and imprudent, could have taken some effective steps to avert running into-plaintiff’s automobile.
The court is called upon here to-decide a case where the property of an innocent party has been damaged as a result of being run into by an automobile, the-owner of which is made defendant. When a vehicle strikes a parked automobile, such-an accident is one which ordinarily would' not happen except through defects in the-offending car or negligence in the operation thereof, or both. Therefore, the doctrine of res ipsa loquitur must apply, and the burden of proof rests on the defendant to exculpate himself from negligence, and the driver of the offending car is to be deemed guilty of negligence per se in the absence of a showing being made-to the contrary. Adams v. Spellman, La. App., 130 So.2d 460.
*573 The only eyewitness to the accident appearing in court was young DiMaggio whose testimony consists of his cross-examination by plaintiff’s attorney. Said testimony was adopted by defendant’s counsel in defendant’s behalf. Let it be said here that there is no doubt the DiMaggio automobile was struck by the Bauer car which inflicted damages to its right rear fender and taillight. When investigating police officers arrived at the scene, young DiMaggio gave his statement to them as to how the collision occurred and the events preceding it. This statement was made in the presence of both plaintiff and Bauer. So, from the outset plaintiff was aware that the claim was being made that defendant’s automobile had been struck by the Bauer car and that the impact caused DiMaggio to lose control with the result that he could not avoid running into the jeep. Defendant’s answer also alleged the details of the prior collision and set out Bauer’s full name. It also appears that plaintiff’s attorney contacted Bauer prior to the trial and Bauer had promised the attorney to appear in court on behalf of plaintiff, but on the day of trial Bauer made no appearance and plaintiff’s attorney, before submitting his case, stated:
“Your Honor, we had another witness who had agreed to come and he is evidently not here and we will have to rest our case.”
In a case such as is before us, it is necessary, more than in cases where witnesses appear on behalf of both litigants, to examine and sift carefully the statements of the party who makes a claim such as is made by young DiMaggio and to study in detail any circumstances which might tend to disprove what he has testified to.
This young man states that he was driving along Orleans Avenue at a rate of speed of from IS to 20 miles per hour and that just as his car had almost passed Bauer’s, the driver of the latter attempted to leave the parked position so as to get out into the roadway, the maneuver causing the front of the Bauer car to strike the right rear fender of the DiMaggio car, and as a result DiMaggio lost control and was unable to avoid running into plaintiff’s car which was parked alongside the lefthand curb some distance down the street. Why did he not apply his brakes? DiMaggio replied that he tried to regain control of the car without the use of the brakes because of the wetness of the surface of the roadway which “would only make me skid more.” We think this is a plausible explanation why the Ford was not stopped before the second accident occurred.
We have assiduously studied the testimony and have come to the conclusion that DiMaggio is a bright young man and that his statements have the ring of sincerity and truthfulness. Under the circumstances, and particularly the fact that the asphalt roadway was wet from the rain, DiMaggio was not negligent in not applying his brakes for fear of skidding even more. He stated “it would have been foolish” and we agree.
Upon the sudden and unexpected impact caused by Bauer’s car, DiMaggio-was confronted with a sudden emergency, certainly not of his own making. In attempting to right his skidding car, he took the step he though best and for doing so he cannot be held guilty of negligence or imprudence. An automobile driver is not to-be charged with negligence for a failure to exercise the best judgment in an attempt to extricate himself from a perilous, situation not of his own creation. Lemoine v. Vicknair, La.App., 144 So.2d 298.
Plaintiff knew all along that Bauer would be an important witness and why he did not make Bauer a codefendant and formally subpoena him as a witness we do not understand. The fact that plaintiff saw fit not to avail himself of Bauer’s testimony raises the time-honored presumption that a litigant’s failure to call and use a witness creates the presumption that the witness’s testimony, if given, would have been unfavorable to the litigant.
*574 Therefore, for the reasons above assigned, the judgment appealed from is erroneous and it is now ordered, adjudged and decreed that the same be reversed and there be judgment in favor of defendant against plaintiff dismissing plaintiff's suit. Plaintiff »s to bear the costs of both courts.
Reversed.