SAMUEL, Judge.
This is a suit by the owners of an automobile and their collision insurer for property damages to the car. Defendants are the owner-driver and the insurer of a taxicab which caused the damages. Plaintiffs have appealed from a judgment in favor of the defendants, dismissing the suit.
*705 The individual plaintiffs had parked the automobile in front of their residence in approximately the middle of the 3600 block of Prytania Street in the City of New Orleans, a residential neighborhood. They were in the house at the time the accident occurred on August 24, 1963 at about 5 ■p. m. Prytania consists of two lanes, with one lane reserved for traffic traveling in each direction. It is sufficiently wide to permit the parking of automobiles and other cars were parked on both sides of the street. The weather was clear but there had been some rain prior to the time the accident happened and the street was wet and slippery. Counsel for all litigants agree that the speed limit set by city ordinance was 30 miles per hour.
The only witness to the accident was the defendant driver. He testified as follows: He was traveling at a speed of between 20 and 25 miles per hour in an uptown direction when a small boy, approximately 8 or 10 years of age, suddenly dashed from between two parked automobiles into the street and into the path of his cab when he was only about 25 feet away. He immediately applied his brakes and swerved the cab in an attempt to avoid hitting the child. That attempt was successful; the boy was not struck; he ran off and disappeared. But the taxi turned or spun completely around and skidded about 25 feet into plaintiffs’ car. The taxi driver then knocked on plaintiffs’ door and informed them of the accident. This version thereof is the same he gave to the investigating police shortly after the occurrence. Other than the boy, whom the defendant driver did not know, and who apparently has not been found, there were no other witnesses to the accident.
Where a parked, unattended automobile is damaged as a result of being struck by another automobile, the operator and owner of which, together with his liability insurer, are made defendants, the accident being one which ordinarily would not happen in the absence of defects in the offending car or fault in its operation, or both, the doctrine of res ipsa loquitur applies and the burden of proof is upon the defendants to exculpate themselves from negligence; the driver of the offending automobile must be deemed guilty of negligence in the absence of a sufficient showing to the contrary. Adams v. Spellman, La. App., 130 So.2d 460; Hamiter v. Duncan, La.App., 78 So.2d 80; Alpaugh v. Krajcer, La.App., 57 So.2d 700.
The doctrine of res ipsa loquitur is applicable in the instant case. However, as there can be no liability in the absence of negligence, we conclude that the defendants successfully have carried the burden of proof imposed upon them by the doctrine. The only evidence in the record relative to the manner in which the accident occurred, and indeed the only such evidence available, is the testimony of the taxi driver. The trial court accepted that testimony as correct and therefore so do we. Plaintiffs’ contention that the defendant driver was negligent is based solely upon the argument that under all of the circumstances his speed was excessive. The contention is not well founded.
We find no error in the trial court holding to the effect that the defendant taxicab’s speed of 20 to 25 miles per hour, well within the 30 mile limit, in the middle of a block in a residential neighborhood during daylight was not negligence in itself even though the street was wet and slippery from a recent rain and that such speed was not a proximate cause of the accident.
The judgment appealed from is affirmed.
Affirmed.