183 So.2d 122 (1966)
GULF STATES UTILITIES COMPANY
v.
Alton J. GUIDRY.
No. 6538.
Court of Appeal of Louisiana, First Circuit.
January 24, 1966.
Rehearing Denied February 28, 1966.
*123 William A. Norfolk, of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellant.
Robert W. Williams, Jr., Baton Rouge, for appellee.
Before R. S. ELLIS, LANDRY, REID, BAILES and F. S. ELLIS, JJ.
LANDRY, Judge.
Plaintiff here, Gulf States Utilities Company, prosecutes this appeal from the judgment of the trial court rejecting its demand against defendant Alton J. Guidry, for property damage sustained when an automobile being driven by appellee left the roadway and struck one of plaintiff's utility poles adjacent thereto.
Two questions are presented for determination herein, namely, whether appellant *124 has established liability on the part of appellee and, if so, whether sufficient proof of damages was adduced on the trial below.
The facts and circumstances surrounding the instant case are simply and succinctly stated to the effect that on the night of February 21, 1960, at approximately 12:30 A.M., defendant, operating his 1955 Ford along Hanks Drive about four-tenths of a mile east of the Airline Highway in East Baton Rouge Parish, at a speed of 40 miles per hour in a 30 mile zone, left the paved portion of the highway, traveled a distance of 90 feet in, along and across a ditch and collided with a utility pole belonging to appellant. Hanks Drive, a straight, level, paved thoroughfare, was dry at the time of the accident.
Appellant predicates its case on the principle of res ipsa loquitur. Defendant maintains he has discharged the burden incumbent upon him pursuant to the doctrine invoked by plaintiff.
It is well established jurisprudence that the doctrine of res ipsa loquitur is a rule of evidence, the applicability of which is to be determined in each case at the conclusion of the trial. Day v. National United States Radiator Corporation, 241 La. 288, 128 So.2d 660.
With the above stated principle in mind we note that, aside from the events herein previously mentioned, the only evidence of record concerning the circumstances of the accident is the testimony of the investigating officer, Trooper Warren B. Melancon, as follows:
Q Did you question the driver at that time?
A Yes, sir, we did.
Q Did you ask him what had happened, what had caused the accident?
A Yes, sir.
Q What did he tell you?
A Well, he told us that he was driving down Hanks Drive at approximately forty miles an hour and a car came out of a side street into the highway and the lights blinded him causing him to leave the roadway to avoid a collision, therefore he struck the pole.
Q In your investigation of the accident did you find any evidence to support his version of how it happened?
A No, sir, we couldn't find any indication that there was another car involved in thethat had come out of the side street. There were no cars at the scene, no one had stopped. We didn't find any skidmarks or anything on his side of the road that would indicate that anyone was on his side of the road.
Q Didhow fast did Mr. Guidry say he was traveling?
A Approximately forty miles an hour, sir.
Q And what is the posted speed limit at that place?
A Thirty.
* * * * * *
Q Were there any skidmarks from the Guidry vehicle that you could determine?
A No, sir, not that we could find at the scene.
Q Any evidence at all that he had attempted to brake his car or reduce the speed?
A No, sir, we couldn't.
Defendant did not testify in his own behalf; neither was he called on cross-examination by appellant.
*125 In his reasons for judgment our learned brother below indicated he felt obligated to accept as true the statement made by defendant to the investigating officer considering no evidence was offered in contradiction thereof. On this basis he concluded plaintiff failed to discharge the burden of proof required of a claimant.
In substance appellant's specifications of errors allege the trial court improperly held and concluded: (1) The doctrine of res ipsa loquitur was inapplicable to a situation wherein an automobile left the highway and struck a stationary object; (2) The failure of defendant to testify and give direct testimony as to the cause of the accident did not create a presumption his evidence would have been unfavorable to his cause; (3) The mere recital by the investigating officer of an exculpatory statement made by defendant following the accident was sufficient to sustain the burden of proof incumbent upon defendant to explain the cause of the accident; and (4) Failing to award appellant the damages to which appellant was entitled.
An exhaustive search of our jurisprudence reveals application of the doctrine of res ipsa loquitur (the thing speaks for itself) has been restricted by our appellate courts to a limited number of factual situations, but that the cases falling within each such category are numerous. See, for example, Harris v. Varnado, La.App., 94 So. 2d 74, 79 A.L.R.2d 204. See also 79 A.L.R. 2d 217 at § 1(h) of the annotation for various citations wherein the principle of res ipsa loquitur has been applied to automobile accidents under different circumstances. Regarding the precise issue presently before us, an annotation is to be found at Volume 79 A.L.R.2d 6, entitled "applicability of res ipsa loquitur doctrine where motor vehicle leaves road."
Germane to the principle under consideration is the following language employed by our Supreme Court in Day v. National United States Radiator Corporation, 241 La. 288, 128 So.2d 660:
"As this court has often said, the doctrine of res ipsa loquitur is a rule of evidence, the applicability of which is to be determined in each case at the conclusion of the trial. When the doctrine of res ipsa loquitur is applicable to a case, the accident which has caused the plaintiff's damages makes out a prima facie case of negligence by the defendant, and the burden is then on the defendant to show absence of negligence on its part. (Citing cases.) This doctrine is a qualification of the general rule that negligence is not to be presumed but must always be affirmatively proved, and therefore should be sparingly applied, and only in exceptional cases where the demands of justice make that application essential. (Cases cited.)
The following is found in 38 Am.Jur. 999, sec. 303, Negligence:
`The doctrine of res ipsa loquitur has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference and the necessity for the doctrine does not exist. Being a rule of necessity, it must be invoked only where evidence is absent and not readily available. It is not to be invoked when the evidence is available, and certainly not when it is actually presented. Nor has it any application where the cause of the accident is known and is not in question.'"
We note the doctrine in question has been applied in Adams v. Spellman, La.App., 130 So.2d 460, and Frey v. DiMaggio, La. App., 153 So.2d 571, both involving instances wherein a moving vehicle collided with a parked automobile. Under similar circumstances, but without reference to the doctrine of res ipsa loquitur, a presumption of negligence on defendant's part was held to *126 result in Alpaugh v. Krajcer, La.App., 57 So.2d 700.
The criteria of applicability of the doctrine of res ipsa loquitur to automobile collision cases were set forth by the Supreme Court in Loprestie v. Roy Motors, Inc., 191 La. 239, 185 So. 11, as follows:
"The doctrine of res ipsa loquitur is based upon the legal proposition that where the defendant is shown to be in a better position to explain the accident than the plaintiff, and where the circumstances of its occurrence indicate that plaintiff cannot be expected to have any information as to the causes of the accident, which is of a kind that does not occur ordinarily when due care has been exercised, `the rule of evidence is that the accident speaks for itselfres ipsa loquiturthat is to say, that a presumption of negligence arises from the fact itself of the accident.'"

There appears some lack of uniformity among our appellate courts as regards application of the principle of res ipsa loquitur to actions by guest passengers against host drivers. In Gomer v. Anding, La.App., 146 So. 704, this court applied the principle in a suit by a guest passenger against his host driver, and the same result was reached in the subsequent case of Levy v. Indemnity Ins. Co. of North America, La.App., 8 So. 2d 774. This court also held the doctrine applicable to a guest passenger action in Bourg v. Aetna Casualty & Surety Company, La.App., 77 So.2d 131, (decided in favor of defendant on a plea of contributory negligence), and in Fetterly v. McNeely, La.App., 77 So.2d 757, which contains a comprehensive review of the jurisprudence on the subject matter. However, the Court of Appeal, Orleans (presently the Fourth Circuit), refused to apply the doctrine to a guest passenger action against a host driver in Hebert v. General Accident & Fire Assur. Corp., La.App., 48 So.2d 107, on the ground the facts attending the accident must be peculiarly within the knowledge of the defendant.
We also note jurisprudence which in effect shifts the burden of proof to the defendant without allusion to the doctrine of res ipsa loquitur. In this category we find Marquez v. Miller, La.App., 64 So.2d 526, which held it negligence per se to strike a vehicle legally parked off the street and further held such circumstance established a prima facie case of negligence placing the burden of proof on the defendant to establish, if he could, by other competent evidence, facts which show that the damage was not caused by the negligent operation of his vehicle. The same rule was applied in Emmco Insurance Co. v. Liberty Mutual Insurance Co., La.App., 138 So.2d 822.
In all cases we have found involving a motor vehicle leaving the highway and striking a stationary object, it appears the doctrine of res ipsa loquitur has been unanimously applied. We are in complete agreement with the application of the doctrine in such circumstances. In such instances the events surrounding the accident are wholly and exclusively within the knowledge of the offending driver. An accident of this nature does not ordinarily occur but for the negligence of someone other than the innocent owner of the damaged property. We deem it safe to say that ordinarily a careful and prudent driver will not permit his vehicle to leave the traveled portion of a street or highway and strike an immovable object or structure situated off that portion of the roadway reserved for the travel of motor vehicles. Such accidents being of an unusual and extraordinary nature, necessarily carry the implication of negligence which the defendant driver must rebut. In view of the evidence of record, we hold the principle of res ipsa loquitur applicable to the case at bar. Consequently, the burden of exculpation from fault lay with defendant and the sole remaining issue as regards liability is whether defendant's uncorroborated statement to the investigating officer is sufficient *127 to discharge the onus of proof resting upon him.
Learned counsel for appellant maintains that defendant's admitted operation of his vehicle in excess of the lawful speed limit is negligence per se. In an ordinary tort action such alleged negligence would have to be shown to have proximately caused the accident for defendant's liability to attach. In the present case, however, the rule of res ipsa loquitur being applicable, plaintiff is not required to establish the specific act of negligence which caused defendant's vehicle to leave the roadway. The mere fact that defendant's automobile did run off the highway as previously shown, raises a presumption of negligence on defendant's part. To exculpate himself from the effect of said presumption, the onus was upon defendant to establish that the accident was proximately caused by the negligence of a third party, or that he was free of negligence contributing to the mishap. Since defendant did not testify regarding the numerous factors upon which the reasonableness of his action must be judged, we are unable to conclude whether or not his speed contributed to the accident in question.
We now advert to that line of jurisprudence in which the courts have determined the circumstances under which a defendant will be regarded as having successfully discharged the onus incumbent upon him in an automobile accident suit in which the principle of res ipsa loquitur has been held applicable.
In Frey v. DiMaggio, 153 So.2d 571, it was held the defendant successfully refuted the implication of negligence resulting from application of the doctrine of res ipsa loquitur, by his testimony to the effect he was struck from the rear by another vehicle causing him to lose control, when such testimony was corroborated by physical evidence of damage to his rear fender and tail light and a statement made to the investigating officer in plaintiff's presence immediately following the accident at the scene thereof.
The circumstances involved in Tymon v. Toye Bros, Yellow Cab Co., La.App., 10 So.2d 599, (same case at 180 So. 839), are almost identical to those in the Frey case, supra. In the Tymon case, the court held a cab driver discharged the burden of proof resting upon him by his testimony to the effect he lost control of his vehicle when it was sideswiped by a hit-and-run driver, which evidence was substantiated by the testimony of three passengers in the cab and photographs showing damage to the left side of the taxi.
In Adams v. Spellman, La.App., 130 So.2d 460, it was held the burden of exculpation resulting from application of the doctrine of res ipsa loquitur was not fulfilled although both the defendant and his passenger testified, because the court found variance between the two versions of the accident and considered the explanation "most implausible."
The defendant in B & B Cut Stone Co. v. Uhler, La.App., 1 So.2d 149, attempted to exonerate himself with testimony to the effect that one of two approaching cars attempted to pass the other at a curve or angle in the street thus forcing him off the roadway. In rejecting this explanation and affirming judgment in favor of plaintiff, the court stated:
"We frankly were not impressed with the defendant's testimony. The fact that he caused as much damage as was shown in this case indicates that he was no doubt traveling at an excessive rate of speed. The defendant refused to estimate his own speed or that of the approaching cars. Most of his answers were given in an evasive manner."
Failure of an oncoming vehicle to dim its lights was not proven to have contributed to the accident in Fetterly v. McNeely, La. App., 77 So.2d 757, consequently the burden imposed on the defendant by the doctrine *128 of res ipsa loquitur was held not to have been discharged.
Inasmuch as the only testimony of record concerning the events attending the accident is the statement of the investigating officer with respect to the self-serving declarations made to him by defendant following the accident, we shall now proceed to consider its competency and probative value and determine whether it discharges the burden incumbent upon defendant.
It is worthy of note that self-serving declarations may sometimes be received in evidence. In Succession of Abascal, 158 La. 969, 105 So. 31, it was held that the declarations of a person, since deceased, that certain property belonged to him was admissible and competent to rebut evidence of his declarations to the contrary. The court therein also held such declarations, although not conclusive, were corroborative of other evidence. Whether such declarations would have been admissible had the declarer been available to testify is questionable.
Southern Scrap Mat. Co. v. Commercial Scrap Mat. Corp., 239 La. 958, 120 So.2d 491, is authority for the principle that where no objection is raised to the introduction in evidence of self-serving declarations, and the truth of the statements is established by witnesses having knowledge of the facts, the communications may be considered. It has also been held that for certain purposes the uncorroborated hearsay testimony of a single witness, admitted without objection, may be considered of probative value. Wainer v. Wainer, 210 La. 324, 26 So.2d 829.
In Gray v. Great American Indemnity Company, La.App., 121 So.2d 381, this court stated:
"In American Jurisprudence, Volume 20, Evidence, Chapter VII, Section 452, Page 401, we find the following:
"Regardless of the sweeping terms in which hearsay testimony is condemned, it is not to be denied that such testimony may be relevant and material. In fact, the general rule to which only a minority of jurisdictions take exception is that hearsay testimony admitted without objection may properly be considered and given its natural probative effect.'
To the same effect see also annotation Volume 104, American Law Reports, Page 1130 and cases therein cited.
Defendant having failed to make timely objection to the evidence in question may not urge its inadmissibility upon appeal. Under the circumstances, the trial judge was not required to disregard the evidence in question and he could very properly attribute thereto such probative value as is reasonable and proper in view of the evidence as a whole."
In the instant case the hearsay testimony of the investigating officer, having been elicited by counsel for plaintiff and introduced without objection, may be considered by the court for whatever probative value it possesses. Nevertheless, we cannot attribute thereto a greater probative value than would be accorded such testimony if given by defendant in open court.
Learned counsel for appellant forcefully argues, upon authority of Morello v. Viola, La.App., 66 So.2d 29, that defendant's failure to testify raises the presumption appellee's testimony would be unfavorable to his cause. On the other hand, esteemed counsel for defendant seeks to avoid application of the rule invoked by appellant on the ground that appellee was available in court and could have been called on cross-examination. In this regard counsel for defendant cites and relies upon Duet v. Tramontant, La.App., 26 So.2d 324, and Ensminger v. New Orleans Public Service, La.App., 65 So.2d 402, which hold that the failure to call a witness raises no presumption whatsoever when the witness is equally available *129 to both parties. On this issue able counsel for appellee also relies on the rule in the Ensminger case, supra, to the effect that it is not necessary to produce every available witness where the testimony would be merely cumulative, corroborative, or repetitious. We note, however, the Ensminger case relied upon by counsel for appellee also holds that failure to call a witness who has peculiar knowledge of the case, raises the presumption his testimony would be unfavorable. It is worthy of further note that the authorities cited by illustrious counsel for appellee are not decisive of the issue here as they do not concern the failure of one of the parties to testify.
It is settled jurisprudence that when a party to a suit fails to testify to cardinal facts obviously within his knowledge and vital in determining the just result of the litigation the presumption exists that his testimony, if adduced, would be unfavorable. Morello v. Viola, La.App., 66 So.2d 29. In our judgment the foregoing rule is particularly pertinent to a case in which the rule of res ipsa loquitur is applicable and the defendant having exclusive knowledge of the circumstances attending the accident, fails to testify and explain in detail the facts which would exonerate him of the implication of negligence.
Our search of the jurisprudence reveals the courts of this state have applied the unfavorable presumption against nontestifying parties before and since adoption of cross-examination statutes, the first of which was enacted in 1908. Interstate Rice Milling Co. v. Hibernia Bank & Trust Co., 176 La. 308, 145 So. 548; School Board of Union Parish v. Trimble, 33 La.Ann. 1073; State v. Jahraus, 117 La. 286, 41 So. 575; Logan v. Walker, 152 La. 880, 94 So. 430; Teissier v. Stewart, 11 La.App. 167, 123 So. 174; Zollinger v. Gust, La.App., 192 So. 132; Storm v. Johnson, La.App., 23 So.2d 639; Switzerland General Ins. Co. v. Roe, La.App., 73 So.2d 501.
We wish to make it crystal clear that while the failure of a party to testify in a proceeding is to be construed unfavorably against him, the resultant presumption does not per se relieve plaintiff of the burden of proof ordinarily imposed upon a claimant by law. On the contrary, the adverse inference drawn from the party's failure to testify is, in each instance, but another circumstance to be weighed by the court in adjudicating the cause under consideration.
In the instant case the sole evidence relied upon by defendant to exculpate him from liability was the uncorroborated hearsay testimony of the investigating officer to the effect a car came out of a side street into the highway and the lights blinded defendant causing defendant to leave the roadway to avoid a collision. Obviously defendant, the sole party having knowledge of the attending circumstances, was in possession of much additional pertinent information the disclosure of which is essential to a just decision herein. The testimony of record does not in our judgment necessarily support defendant's conclusion that an emergency was created warranting his leaving the highway to avoid an accident. We can readily perceive many factors left unexplained which must be taken into account in determining the reasonableness of defendant's action. For example, defendant did not explain the speed of the other vehicle nor the distance his car was from the other automobile when it entered the highway. Also left unexplained is how the lights from a vehicle entering from a side street could have blinded defendant. Likewise, we find no evidence regarding whether the other vehicle was too close to defendant to permit him to stop on the highway instead of running off the roadway. Moreover, we consider it of utmost importance that defendant's failure to testify deprived the court of the opportunity to observe his demeanor and the straightforwardness or evasiveness of his answers which determine his credibility, especially with regard to his contention that another automobile was involved.
*130 Defendant was the sole witness to the accident. His incomplete explanation of attending circumstances made to the investigating officer, which incidentally is the weakest form of evidence, is not corroborated by any other witness or physical fact. Under the circumstances, his testimony could not have been more vital to his cause. We can only conclude his testimony would have been unfavorable to his side and that he has failed to successfully rebut the presumption of negligence herein incumbent upon him.
The amount of damages sustained by plaintiff was established by the testimony of appellant's employee, Thurman Otis McKnight, whose position is classified as safety claim agent. Mr. McKnight itemized the cost of replacing the damaged pole and its appurtenances. In cross-examination of the witness, learned counsel for appellee attempted to establish that the damaged pole was in a state of deterioration which factor should be taken into consideration in determining its value. Counsel's position on this issue is apparently based on the contention that defendant is not liable for the cost of a new pole because the evidence showed the damaged pole and others in the vicinity were replaced following the accident due to their condition. Counsel also maintains that since the repair work was performed by a salaried crew in the employ of defendant, the wages incurred would have been nevertheless paid by plaintiff even if the accident had not occurred, therefore, such wages should not be recovered by appellant.
The issue thus posed falls squarely within the ambit of the rule established in Southwestern Electric Power Co. v. Canal Ins. Co., La.App., 121 So.2d 769, to the effect that in circumstances such as those shown, the utility company is entitled to recover its actual loss in wages, material and transportation costs in removing the damaged pole and replacing it with a new one.
Appellant having established expenses in the aggregate of $561.69, is entitled to judgment therefor together with legal interest thereon from date of judicial demand, until paid, and all costs of these proceedings.
Accordingly, it is ordered, adjudged and decreed the judgment of the trial court be reversed and judgment rendered herein in favor of plaintiff, Gulf States Utilities Company, and against defendant, Alton J. Guidry, in the full sum of $561.69, together with legal interest thereon from date of judicial demand, until paid, and all costs of these proceedings.
Reversed and rendered.