YARRUT, Judge.
Plaintiffs are Kenneth W. Shingledecker, liis wife, Ruth N. Shingledecker, and her brother, James H. Neal. Mrs. Shingledecker was employed as manager of a beauty college operated by Linda Brooks Corporation .at the time she negotiated with Defendants, •the sole shareholders, L. Clay Spencer, Gilbert J. Fortier, Jr., and Rosemarie B. Mee-han, for the sale of all of the capital stock of the Corporation. On February 28, 1963, .a purchase agreement was executed in which Plaintiffs agreed to pay Defendants $10,000; $5,000 in cash and the balance in 30 days. To secure the deferred payment, the stock was pledged and delivered to Corwin B. Reed, attorney and notary, as 'Trustee; to surrender to Plaintiffs upon full payment; or, upon default, to dispose ■of it under the terms of the agreement of sale. Plaintiffs thereafter paid only $2,-.500, leaving a $2,500 balance.
Plaintiffs charged Defendants with falsely and fraudulently misrepresenting the accounts receivable; misrepresenting that the lease contained an option to renew when, in fact, it did not; misrepresenting that Defendant Spencer would obtain financing for students’ tuition, and would endorse the notes if necessary; misrepresenting that Spencer would pay a Times-Picayune Publishing Company advertising bill; and scheming to foist on Plaintiffs all liabilities, while systematically draining the assets, e. g., cash necessary to operate the beauty college.
They prayed the Court: (1) To decree to be null and void the “Sale of Stock with Stock Pledge,” and to order Defendants to return the $7,500 paid to date by Plaintiffs; (2) in the alternative, for a reduction of the purchase price as the Court may deem fair and just; (3) in the further alternative, decreeing the balance of $2,500 as not due and owing to Plaintiffs, and ordering the Defendants to transfer the stock of Linda Brooks Corporation to Plaintiffs; (4) for an accounting of the management of Linda Brooks Corporation during the years 1960, 1961, 1962, and 1963, and for solidary judgment against Defendants for whatever amount found owing by the Defendants to Plaintiffs. They also asked for and obtained a preliminary injunction to prevent the Trustee from disposing of the stock to any parties other than the Plaintiffs. On July 10, 1963, Plaintiffs supplemented and amended their petition by adding the following paragraph:
“The Defendant, Gilbert J. Fortier, Jr. is justly and truly indebted to the petitioners herein, in the sum of Four Thousand and No/100 ($4,000.00) Dollars, representing his subscription to Twenty (20) shares of common stock of Linda Brooks Corporation, which is represented by certificate number 1 issued in the name of Gilbert J. Fortier of the stock of said corporation for Forty-Five (45) shares of which Twenty (20) shares remain subscribed for, issued, but unpaid.”
*342 The Court rendered judgment in favor of the Plaintiffs, Kenneth W. Shingle-decker, Ruth N. Shingledeclcer and James H. Neal, and against Defendants, L. Clay Spencer, Gilbert J. Fortier, Jr., and Rosemarie B. Meehan, jointly, severally and in solido, in the sum of $3,402.08, with legal interest from date of judicial demand until paid, and for all costs; and against the Defendant, Gilbert J. Fortier, Jr., in the sum of $3,804.27, with legal interest from date of judicial demand until paid, and for all costs; and that the preliminary injunction previously issued be made permanent.
The Trial Judge gave no reasons for judgment, but the judgment indicates that he reached the following conclusions: (1) that the accounts receivable were inflated in the sum of $3,402.08, and that the price of the shares of stock should be reduced by that amount, but that Plaintiffs had not proven other items of damage; (2) that Plaintiffs were also entitled to the amount that Defendant Gilbert J. Fortier, Jr. had pledged to purchase 20 shares of stock at $200 a share, less $195.73, the amount he had spent for materials for the School.
Defendants appeal for a reversal of the judgment of $3,402.08 against them in soli-do contending: (1) That Plaintiffs failed to make a prima facie case because Mrs. Shingledeclcer was the only party Plaintiff to testify; that the failure of her husband and her brother to testify raised the presumption that their testimony would be unfavorable and inconsistent with hers for two reasons: (a) They were fellow Plaintiffs (citing Gulf States Utilities Co. v. Guidry, La.App., 183 So.2d 122), and (b) they were relatives (citing Veillon v. Sylvester, La.App., 174 So.2d 189). The cited cases are not apposite here. In Gulf States Utilities, the driver of an automobile which struck a utility pole, did not testify in his behalf although he was the only witness to the accident, the court concluding:
“It is settled jurisprudence that when a party to a suit fails to testify to cardinal facts obviously within his knowledge and vital in determining the just result of the litigation, the presumption exists that his testimony, if adduced, would be unfavorable.” 183 So.2d at 129.
In the Veillon case, cited supra, one of the parties in an assault and battery case failed to call his son who witnessed the altercation. In this case, also, the court noted that this particular witness possessed peculiar knowledge essential to his father’s cause. In the instant case it is clear, from the record, that Mrs. Shingledeclcer was the only party with whom Defendants conducted their negotiations. In fact, her brother, a resident of Detroit, Michigan, gave Mrs. Shingledeclcer his power-of-attorney and she signed all documents for him. There is no evidence that Mrs. Shingledeclcer’s husband or brother possess any peculiar knowledge of the situation in the instant case; therefore, Defendants can not avail themselves of the benefit of either presumption.
(2) Defendants also contend that, even if it were proper to give judgment in diminution against Defendants and in favor of Plaintiffs, then Defendants are entitled to off-set, as compensation, $4,127.-69 which they paid Plibernia Bank on a note, as a result of Linda Brooks Corporation’s default. This contention is without merit because Defendants did not assert the affirmative defense of compensation, nor did they reconvene. Compensation may either be pleaded as an affirmative defense (LSA-C.C.P. art. 1005), or by way of re-convention (LSA-C.C.P. art. 1062), but it can not be allowed unless pleaded. Snyder v. Snyder, La.App., 152 So.2d 246. However, it is admitted in Plaintiffs’ petition that the contract price for the shares of stock was $10,000 and Plaintiffs have paid only $7,500; therefore, the $2,500 balance should have been deducted from the amount of the $3,402.08 judgment and the Defendants held liable for only $902.08.
*343 Defendant Fortier appeals for a reversal of the $3,804.27 judgment against him for the following reasons:
(a) Even if it were proper to cast him in judgment, then the proper party to recover judgment against him was the Corporation, Linda Brooks, Inc., and not the stockholders thereof, e. g., the Plaintiffs; (b) because the judgment against him is .based upon a demand not contained in the ■original petition, but made by supplemental pleadings filed ex parte without a contra- ■ dictory hearing; and (c) because the evidence adduced at the trial clearly shows that the shares of stock, allegedly subscribed for in fact, were the subject of an op.tion which became rescinded.
We agree that the proper party •to recover judgment against Gilbert J. For-tier, Jr. for the stock subscription was the Linda Brooks Corporation and not the -stockholders thereof. LSA-R.S. 12:6(C) provides:
“After the corporate existence has begun, as provided in R.S. 12:5, subscription for shares, unless revoked as provided in this Section, may be enforced 'by the corporation in its own name, according to the subscription terms.”
It is the corporation itself which is -the proper party to enforce a subscription ■made to its capital stock. 18 Am.Jur.2d, Section 367. See also Vermilion Sugar Co. v. Vallee, 134 La. 661, 64 So. 670, 672.
It is undisputed that Linda Brooks Cor-poration was organized with 100 shares of -stock ($200 per share); that Fortier subscribed for 45 shares, but paid for only 25 • shares; that he received a certificate for 45 shares; that the financial statement of January 31, 1963, reflected $3,804.27 ($4,-1 000 less $195.73 which Fortier paid for materials for the School), for stock subscrip-tions receivable. However, Plaintiffs did •not allege in their petition that they were • misled by this figure and in fact, when Mrs. ■ Shingledecker was asked how many shares • of stock she thought had been issued by the corporation at the time of the signing of the “Sale of Stock with Stock Pledge,” she answered “eighty,” indicating she knew nothing of the other 20 shares. Moreover, in the “Sale of Stock with Stock Pledge” signed by Plaintiffs March 1, 1963, it was stated that Plaintiffs were only purchasing 25 shares of capital stock from Gilbert J. Fortier, Jr. and that Fortier also held an option to purchase 15 additional shares, “which option he now declines.” Even though the figure “15” was mentioned instead of 20 shares, it must have been obvious to the Plaintiffs that they could expect no revenue from shares subscribed for, but not purchased by Fortier. Plaintiffs bargained for, and were to receive, all the outstanding shares of Linda Brooks Corporation. Therefore, not only are Plaintiffs improper parties to bring the suit for unpaid subscriptions, but they have neither alleged nor proved that they were injured in any way by the failure of Fortier to pay for these additional 20 shares. Therefore, it is unnecessary to decide Defendants’ second and third contentions: (a) that the demand against Fortier was made by supplemental pleading which should not have been filed ex parte; and (b) whether or not Fortier effectively rescinded his option.
3. Defendants also contend the District Court erred in permanently enjoining Defendants from conveying or transferring, by any means whatsoever, any and all of the stock certificates of Linda Brooks Corporation, because Plaintiffs failed to ask for a permanent injunction in their petition. Since the Trial Judge implicitly refused to nullify the sale of stock, merely reducing the price thereof, he should have ordered the Trustee to deliver the stock to Plaintiffs.
Plaintiffs answered this appeal praying for an increase in the award against Defendants, in solido, from $3,402.08 to $7,-500. From the record we can not conclude that the trial judge was manifestly erroneous in determining: (1) that the accounts *344 receivable were in fact inflated, and (2) in rejecting Plaintiffs’ other demands.
 It was adduced at the trial that eleven students, whose accounts receivable amounted to $3,402.08, were students who had either never attended class or had withdrawn from class previous to the January 31, 1963 financial statement which showed accounts receivable of $7,000, including the $3,402.08. However, Plaintiffs’ other contentions, i. e., that Defendants had misrepresented that the lease contained an option to renew; had misrepresented that Defendant Spencer would obtain financing for students’ tuition; that Spencer represented that he would pay an advertising bill, and that there was a plot to foist on Plaintiffs all liabilities, were not supported by detailed and corroborating evidence.
In fact, with regard to the contention Defendant (Spencer) represented that he would obtain financing for the students’ tuition, Mrs. Shingledecker’s testimony was equivocal, viz.:
“Q. Are you trying to tell the Court now that Mr. Spencer had promised to do this [obtain financing] for you?
“A. Well, I don’t know if it was a promise or not. We were talking, and I don’t know if it was exactly a promise, but he said that he would help me in any way that he could to get my tuition financed.”
For the above reasons the judgment against Gilbert J. Fortier, Jr. is reversed; the judgment against L. Clay Spencer, Gilbert J. Fortier, Jr. and Rosemarie Meehan, jointly, severally and in solido, is reduced from $3,402.08 to $902.08; and the permanent injunction against the Trustee, Cor-win B. Reed, prohibiting him from disposing of any stock of the Linda Brooks Corporation, is annulled and it is ordered that he deliver all of the stock of Linda Brooks Corporation to the Plaintiffs. The Plaintiffs and Defendants are each to pay their own costs on appeal.
Judgment amended in part and reversed-in part.