BAILES, Judge Pro Tem.
This is«an appeal from the judgment of the trial court making executory back alimony due appellant, Mrs. Mildred Chiasson Strate, by her former husband, Zachary A. Strate, Jr., the appellee, in the amount of $120,000.
This litigation originated by appellant filing a rule against appellee to determine the amount that the alimony was in arrears and to make that amount executory. The appellee filed no answer nor any other responsive pleading to this rule. On the trial of this rule it was pertinent for the court a quo to determine what payments the appel-lee had made to appellant in discharge of his obligation to pay alimony in the amount of $5,000 per month.
During the trial it developed that appel-lee had obtained a loan of $250,000 and as security for the loan, Mr. Strate placed a mortgage on certain immovable property that was owned jointly with appellant. This property was in a trust of which ap-pellee was the trustee. From the proceeds of this loan Mr. Strate paid or delivered to Mrs. Strate the sum of $25,000.
While the trial court held that this $25,000 was not paid to appellant as an alimony payment, the judgment rendered herein, in addition to making the past due and unpaid alimony in the amount of $120,000 executory, provided that the $25,000 was recognized as a “credit against any sums which may be due from Zachary A. Strate, Jr., to Mildred Chiasson Strate.” It is this portion of the judgment which provoked this appeal. The effect of this quoted portion of the judgment is to award
*857 the appellee a $25,000 credit which he may use as an offset or credit against the exec-utory judgment. In recognizing the $25,000 as a credit against any sums which may be due from Mr. Strate to his former wife the trial court was in effect permitting the assertion of a plea of compensation.
 Therein the trial court committed error. We so hold for the reason that LSA-C.C.P. Art. 1005 provides that any matter constituting a special defense must be affirmatively set forth. Compensation is a special defense which falls under the purview of C.C.P. Art. 1005 and must be affirmatively pleaded.
We had a similar situation before us in the case of Snyder v. Snyder, La.App., .152 So.2d 246, where the husband sought credit on past due alimony in the amount of one-half of the funds he expended on certain community improvements in the absence of a special plea of compensation on his part. Therein, with Judge Chasez speaking for the court, we stated:
“ * * * Louisiana procedure has always required that compensation be specially pleaded by the person relying upon it.
“ * * * Under the Code of Civil Procedure of 1960, compensation may be pleaded either in the answer or in a re-conventional demand, but nevertheless it must be pleaded specially if the trial court is to consider it. See LSA-C.C.P. Art. 1005, and comment (b) thereto, and LSA-C.C.P. Art. 1062, and comment (b) thereto.”
Also see: Williams v. Fisher, La.App., 79 So.2d 127 and Shingledecker v. Spencer, La.App., 193 So.2d 340.
Therefore, we conclude that the trial court erred in allowing the appellee, Zachary A. Strate, Jr., a credit of $25,000 on any sum which may be due appellant.
Accordingly, the judgment of the trial court is amended by deleting therefrom any reference whatever to the $25,000 which appellee paid to appellant from the proceeds of the $250,000 loan, and in all other aspects the judgment of the trial court making executory the judgment for past due alimony in the amount of $120,000 is affirmed. Appellee is cast for all costs of court.
Amended, and as amended affirmed.